STATE of Utah, Plaintiff and Respondent,

v.

Gary L. HARDING, Defendant and Appellant.

No. 15369.

Supreme Court of Utah.

March 3, 1978.

Allen K. Young, of Stott, Young & Wilson, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

HALL, Justice:

Defendant's appeal challenges the severity of the punishment provided for aggravated burglary on constitutional grounds asserting that it is disproportionate to the offense and a denial of equal protection and due process. He lacks the requisite standing to raise those issues and the appeal is dismissed.

Defendant was charged with the first degree felony offense of aggravated burglary [1] and convicted thereof after a bench trial in the District Court of Utah County. That offense is punishable by five years to life in prison,[2] however, at the time of sentencing defendant moved the court, pursuant to statute,[3] to enter judgment of conviction for the next lower category of offense and to impose sentence accordingly. The court granted the motion, entered its judgment of conviction of *attempted* aggravated burglary, a felony of the second degree, and imposed the statutory penalty[4] of one to fifteen years in prison.

Defendant takes no exception to the sentence imposed for his conviction of attempted aggravated burglary but, rather, attacks the constitutionality of the punishment provided for an offense that was not imposed upon him. This he cannot do. He

1. In violation of U.C.A.1953, 76–6–203(1)(c).

2. U.C.A.1953, 76–3–203(1).

3. U.C.A.1953, 76–3–402(1) allows discretion in sentencing where nature and circumstances of

the offense and the history and character of the defendant warrants it.

4. U.C.A.1953, 76–3–203(2) and 76–4–102(2).

may only assert his own constitutional rights and not those of others.[5]

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

**5.** *Greaves v. State,* Utah, 528 P.2d 805 (1974); *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).