669 P.2d 191

**Kenneth W. PUPHAL, Plaintiff-appellant,**

v.

**Kathleen M. PUPHAL, Defendant-respondent.**

**No. 14501.**

Supreme Court of Idaho.

June 30, 1983.

Rehearing Denied Sept. 23, 1983.

Marc J. Weinpel, Idaho Falls, for plaintiff-appellant.

Michael H. Hinman, Idaho Falls, for defendant-respondent.

BAKES, Justice.

Kenneth Puphal, the plaintiff appellant, was granted a divorce from Kathleen Puphal, the defendant respondent, upon his motion for partial summary judgment and, on June 9, 1980, a trial was held on the issues of property division and support.

In a memorandum decision filed on August 12, 1980, the district court awarded certain items of personal property to each party. The court also awarded appellant his future pension rights in the amount of $23,692.40, and to offset that award, awarded an equal amount to respondent from the funds that would be generated from the sale of their house. The court ordered that the balance of the proceeds of the house, after payment of the mortgage, closing costs and attorney fees for each party, be placed in an account to be used for the care and maintenance of respondent, who was being cared for in a nursing home at the time of the award at a cost of approximately $1,200 per month. Respondent was to receive $1,400 per month from this account.

Appellant, having been served with a copy of the memorandum decision prior to its file date, filed a motion for reconsideration on August 8, 1980, alleging error in the court's memorandum decision in several particulars. The court heard oral arguments on appellant's motion for reconsideration on August 20, 1980. The minutes contained in the record indicate that at the conclusion of the hearing the court stated that "it will go over the matter and get something to counsel."

The district court thereafter filed a Decree of Property Distribution on November 18, 1980. Although the court did not formally address appellant's motion for reconsideration in its decree, the decree incorporated a substantial number of the items requested by appellant in his motion for reconsideration.

The house was subsequently sold and the account for respondent's care established with the balance of the proceeds. On April 23, 1981, respondent filed a Motion for Modification of Divorce Decree. At the hearing on said motion the district court stated that it would treat the motion as a motion to increase the alimony award. In orders dated August 14 and 26, 1981, the court rejected respondent's request to order appellant to pay $600 per month to a conservator but, noting a depletion of the original fund and perceiving a need for appellant to "begin to gear up for future obligations," ordered the appellant to start paying "$200 per month from his salary for the future support and maintenance of defendant" which amount was to be held and not distributed "until other funds are depleted."

On November 25, 1981, appellant filed an amended motion for reconsideration in which he sought to amend the original motion for reconsideration that had been filed on August 8, 1980. Appellant's motion also sought relief from or, in the alternative, modification or clarification of the judgment and previous orders of the court, citing I.R.C.P. 59 and 60(b). Respondent then filed another Motion to Modify Decree of Divorce, and the motions were consolidated for oral argument, held on January 12, 1982.

The district court filed an order denying appellant's amended motion for clarification and motion for relief from or modification of the judgment and previous orders, and appellant brought the instant appeal.[1] For the reasons addressed below, we affirm.

■ We note initially that respondent filed a motion to dismiss this appeal on grounds that generally relate to the timeliness of appellant's motions for reconsideration and relief from judgment and to the timeliness of the appeal to this Court. Respondent, in her brief in support of the motion to dismiss, argues that more than forty-two days had passed since the entry of the decree of property distribution, and that appellant was therefore precluded from bringing this appeal under I.A.R. 14(a). However, appeal was taken not from the November 18, 1980, decree, but from the court's January 12, 1982, order denying appellant's amended motion for reconsideration and motion for relief from or modification of judgment. Appellant filed his notice of appeal on February 17, 1982, which was within forty-two days of the court's January 12, 1982, decision on the motion. I.A.R. 14(a). Therefore, the appeal to this Court is timely as to the issues raised in the motions which were decided on January 12, 1982, and the respondent's motion to dismiss is denied.

■ On appeal, appellant alleges that the district court erred in denying his amended motion for reconsideration. Appellant's

---

1. While the district court denied appellant's motions from the bench on January 12, 1982, the order that was subsequently filed ordered only that the remaining funds held by the court on account be released to the respondent to apply to her care and support. On June 7, 1982, however, appellant filed a motion in this Court to augment the record with an order *nunc pro tunc* entered pursuant to stipulation of the parties by the district court "on June 1, 1982, for January 12, 1982," which expressly denied appellant's motions for reconsideration and relief from judgment and modification. This Court granted the motion to augment the record on August 2, 1982.

amended motion for reconsideration sought to amend the original motion to reconsider filed on August 8, 1980, to allege that the award of alimony or maintenance in the court's original memorandum decision filed August 12, 1980, was illegal and improper. Appellant contends that the court took the original motion to reconsider under advisement at the conclusion of the hearing held on August 20, 1980, but that the court never issued an order expressly addressing or resolving the issues raised in the motion for reconsideration. Therefore, appellant argues, the motion was still under advisement some fifteen months later and, as such, was subject to amendment. We disagree.

In his original motion to reconsider the court's memorandum decision, filed on August 8, 1980, appellant specified twelve alleged errors and items and requested the court to reconsider them. After oral arguments on the motion, the court filed its Decree of Property Distribution on November 18, 1980. The decree incorporated substantially all but two of appellant's requested changes. The modifications appearing in the decree of property distribution that were consistent with those requested in appellant's motion for reconsideration included: a revision of the court's award of certain items of personal property; a recalculation of the total amount of personal property awarded to each party; a decrease in the respondent's share of the proceeds of the sale of the house by the amount her award of personal property exceeded that awarded to appellant; giving appellant a credit of $700 per month for alimony for income tax purposes, reflecting his share of the community proceeds of the sale of the house being paid for respondent's support, and an additional credit for the amount of insurance premiums appellant was required to pay on a policy maintained for respondent.[2]

While the court's decree of distribution filed on November 18, 1980, did not explicitly mention appellant's motion to reconsider, it incorporated a substantial part of the changes requested by appellant in his motion. Furthermore, the decree appears to have been prepared by appellant's attorneys, apparently pursuant to the district court's request in its memorandum decision that "counsel for plaintiff ... draw an appropriate judgment." Thus, we conclude that the November 18, 1980, decree of property distribution was intended to and did constitute a fully adequate order on appellant's original motion to reconsider the memorandum decision. *Cf. City of Coeur d'Alene v. Ochs,* 96 Idaho 268, 526 P.2d 1104 (1974) (where judgment fully and finally settles all issues in a case and jurisdiction is retained only to assure compliance with its terms, it is a "final judgment"); *Swinehart v. Turner,* 36 Idaho 450, 211 P. 558 (1922) (real character of order is to be judged by its contents and substance). Having been disposed of by the decree of distribution, the appellant's motion to reconsider was not subject to later amendment. Hence, the district court properly denied appellant's motion to amend the original motion for reconsideration.

■ Appellant also alleges that the trial court erred in denying his motion for relief from, modification or clarification of the judgment and order dated August 26, 1981, citing I.R.C.P. 59 and 60(b). Appellant's motion for "modification or clarification of [the] judgment and [the court's] order dated August 26, 1981," is essentially a motion to alter or amend the judgment under I.R.C.P. 59(e), which must be served "not later than ten (10) days after entry of the judgment." The appellant, however, did not file his motion for modification until November 25, 1981, far in excess of the ten days permitted by I.R.C.P. 59(e) for a motion to modify

---

**2.** The two points raised by appellant in his motion to reconsider that were not specifically addressed in the decree of distribution were merely requests that the court take into consideration any savings and checking accounts owned by the respondent and the $23,692.40 awarded to respondent as an offset against appellant's retirement benefits, in respect to the property division and alimony award. These requests required no specific finding or action.

**306**

either the memorandum decision or the decree of property distribution.

 Appellant's motion for modification under I.R.C.P. 59(e) is also directed at the court's August 26, 1981, order to pay $200 per month into a fund to be used for respondent's future care and support. Without deciding whether such order was subject to modification under I.R.C.P. 59(e),[3] we note that the November 25, 1981, motion was also filed long after ten days from the entry of the August 26, 1981, order. Therefore, we conclude that appellant's motion for modification of the judgment and order was not timely filed under I.R.C.P. 59(e), and that the district court did not err in denying said motion. *See Johnston v. Pascoe,* 100 Idaho 414, 599 P.2d 985 (1979).

Finally, appellant assigns error to the district court's denial of his motion for relief from judgment and the order of August 26, 1981, under I.R.C.P. 60(b). I.R.C.P. 60(b) requires that the motion be brought within a reasonable time from the entry of the judgment or order from which relief is sought, and, in certain instances, within six months of the date the judgment or order was filed.[4] However, to be entitled to relief under I.R.C.P. 60(b), the moving party must allege grounds and plead facts bringing it within the terms of the rule. Appellant based his motion for relief on the following allegations: the judgment is void; mistake by the court; the court erred in law; and, the award of alimony and property division was inequitable.

A void judgment is a ground for relief under I.R.C.P. 60(b)(4). However, "[i]n order for a judgment to be void, there generally must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. 7 Moore's Federal Practice § 60.25[2] (2d ed. 1975)." *First Security Bank v. Neibaur,* 98 Idaho 598, 605 at n. 4, 570 P.2d 276, 283 at n. 4 (1977). In this action, appellant does not allege, and the record does not show, that the district court lacked jurisdiction over the parties or subject matter of the dispute. Therefore, appellant has not established that he was entitled to relief from the judgment and order of the court on the ground that the judgment was void.

 The remaining factors asserted by the appellant as grounds for relief from the judgment and order of August 26, 1981, constitute essentially a single allegation that the district court erred as a matter of law in awarding alimony or maintenance to the respondent. However, to entitle a moving party to relief from judgment for mistake, such mistake must be factual rather than legal. *See Reeves v. Wisenor,* 102 Idaho 271, 629 P.2d 667 (1981); *Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979). In his motion for relief from the judgment and order, appellant challenged the correctness of the alimony or maintenance award. It is to be noted that "a 60(b) motion is not a substitute for appeal. 7 Moore's Federal Practice ¶ 60.18(8). *Schildhaus v. Moe,* 335 F.2d 529 (2d Cir.1964)." *Johnston v. Pascoe,* 100 Idaho 414, 420, 599

**3.** I.R.C.P. 59(e) specifically provides that "a motion to alter or amend the *judgment* shall be served not later than ten (10) days after entry of the judgment."

**4.** I.R.C.P. 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore de-

nominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (6) not more than six (6) months after the judgment, order, or proceeding was entered or taken."

P.2d 985, 991 (1979). The appellant has failed to establish grounds entitling him to relief under I.R.C.P. 60(b), and the district court properly denied his motion for relief from judgment and the order made pursuant thereto.

We affirm the order of the district court denying appellant's motions. Costs to respondent. No attorney fees allowed.

DONALDSON, C.J., and BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, J., dissents without opinion.

BISTLINE, Justice, specially concurring.

I concur in the Court's opinion but do so somewhat reluctantly. I am not at all convinced that I have the ability to wade through and apply the maze of technical rules upon which reliance is placed to reach the result that is obtained.

The parties may be somewhat concerned that the Court does not address the issue presented, which as I read the briefs, was the contention that alimony could not be awarded in a no-fault divorce. Respondent, in her brief, says that:

"In this case the plaintiff filed for divorce; the defendant stayed the proceedings for reconciliation; plaintiff moved for summary judgment for divorce; the divorce was granted and plaintiff drew up the property distribution decree which is on its face unequal; plaintiff has been able to write off $700.00 per month as alimony, and the plaintiff has remarried." Respondent's Brief, pp. 7–8 (citations to record and transcript omitted).

The respondent relies heavily upon *Ross v. Ross*, 103 Idaho 406, 648 P.2d 1119 (1982), and suggests that the trial court be affirmed on the basis of an estoppel—which to my mind appears to be essentially correct.