724 P.2d 132

**Connie Schowalter HAMILTON, Plaintiff-Appellant,**

v.

**David RYBAR, Defendant-Respondent.**

No. 16279.

Supreme Court of Idaho.

June 6, 1986.

William J. Brauner and Byron Meredith (argued), Caldwell, Idaho, and Dennis J. Sallaz, Boise, for plaintiff-appellant.

Terry R. McDaniel, Brady & McDaniel, Boise, for defendant-respondent.

SHEPARD, Justice.

Judgment was entered in favor of defendant Rybar on June 26, 1985. On July 5, 1985 Hamilton filed a motion for a new trial pursuant to I.R.C.P. 59(a), which motion was denied by the trial court on September 10, 1985. On September 27, 1985 Hamilton filed a motion for reconsideration, which motion was denied on October 23, 1985. On December 3, 1985 Hamilton filed a notice of appeal seeking to appeal from the judgment, the order denying Hamilton's motion for a new trial, and the order denying Hamilton's motion for reconsideration.

An appeal from a judgment must be perfected by filing a notice of appeal within 42 days of the judgment's entry. I.A.R. 14. The time for filing such a notice of appeal is terminated by the filing of "a *timely* motion which, if granted, could affect findings of fact, conclusions of law or judgment (except motions under Rule 60 of the Idaho Rules of Civil Procedure or motions regarding costs or attorney fees), in which the appeal period commences to run upon the date of the filing stamp on the order deciding such motion...." (Emphasis added.) It is sufficient to say that the post-judgment motions at issue here were not taken under I.R.C.P. 60(a), nor do they involve costs or attorney fees.

As demonstrated by the above set forth chronology, Hamilton's motion for a new trial was filed within ten days of the entry of judgment and hence was a *timely* motion which terminated the 42-day period of time within which to appeal. The motion for new trial was denied by order dated September 10, 1985, which reinstated the 42-day period within which an appeal should have been filed. The motion for reconsideration was not filed within ten days of the order denying the motion for new trial, and was filed approximately 90 days after the entry of judgment.

As this Court has observed in the past, the Idaho Rules of Civil Procedure do not provide for a petition to reconsider. Nevertheless, such a motion has been treated as a motion to alter or amend judgment pursuant to I.R.C.P. 59(e). *Obray v. Mitchell,* 98 Idaho 533, 567 P.2d 1284 (1977).

Even assuming that Hamilton's motion to reconsider the court's denial of the motion for reconsideration could be considered by the court as a motion to alter or amend the judgment under Rule 59(e), the motion was untimely since not filed within the ten days specified by I.R.C.P. 59(e). "Since the motion was not filed within ten days of entry of judgment, the court had no power to grant the requested relief.... The motion was properly denied." *Wheeler v. MacIntyre,* 100 Idaho 286, 596 P.2d 798 (1979). *See also Spivey v. District*

*Court,* 37 Idaho 774, 219 Pac. 203 (1923); *Turner v. Evers,* 726 F.2d 112 (3rd Cir. 1984); *American Sec. Bank v. Harrison Realty,* 670 F.2d 317 (D.C.App.1982).

We hold, therefore, that the portion of this cause purporting to be an appeal from the judgment or from the denial of the motion for new trial is hereby dismissed as being untimely filed. As to that portion seeking to appeal from the denial of the motion for reconsideration, we summarily affirm the order denying the motion for reconsideration since even if it be considered as a motion to alter or amend the judgment, the motion was not timely filed.

Dismissed in part; affirmed in part.

DONALDSON, C.J., and BAKES and HUNTLEY, JJ., concur.

BISTLINE, Justice, dissenting.

The question here which the majority avoids can be stated thusly: Can a procedural practice of longstanding and regular utilization become a part of the law?

Here, without answering that question, the majority also avoids any confrontation with the singular fact that the custom was indulged by both of the parties. It is true, as the majority asserts, that plaintiff Connie Hamilton's motion for reconsideration was not filed within ten days after the entry of the order denying her motion for new trial. What is equally true, however, and unmentioned by the majority, is that a hearing was had on the motion for reconsideration, where appearances were made on behalf of defendant David Rybar, counsel present being Terry R. McDaniel of Brady & McDaniel, and on behalf of Connie Hamilton by Byron K. Meredith for Byron K. Meredith and Wm. J. Brauner. The court, the Honorable W.E. Smith, District Judge, took the motion under advisement and on October 21, 1985 filed a written decision wherein he considered the applicability of *McDonald v. Safeway Stores, Inc.,* 109 Idaho 305, 707 P.2d 416 (1985), which opinion had not been released when the motion for new trial was first considered and denied.

The Court has been furnished with a transcript of the argument which was presented by Mr. Meredith and Mr. McDaniel at that hearing. Of extreme significance, counsel for Mr. Rybar did *not* file any written objection to the timeliness of the motion for reconsideration and at the hearing counsel for Mr. Rybar did *not* raise any question as to the timeliness of the motion. What Mr. McDaniel argued to Judge Smith was that the *McDonald* case was distinguishable and therefore inapplicable. When counsel had been fully heard from, Judge Smith stated: "All right, I'll take another look at it and will give you a decision in due course."

Following the written decision, filed October 23, 1985, the appeal of Connie Hamilton was taken to this Court. The appeal was filed within 42 days of the order denying the motion, which again did not grant a new trial. The appeal was taken from the final judgment, from the order denying the motion for a new trial, and the order denying the motion for reconsideration. Two weeks after the appeal was filed, Rybar moved to dismiss it on the basis that it was untimely filed. Rybar's supporting memorandum accurately supplied the plaintiff's understanding of the law, and why she was in error:

> Hamilton apparently believes that she filed a timely notice of appeal inasmuch as she filed a notice of appeal within forty-two (42) days of the order denying her Motion For Reconsideration. However, Rybar submits that this is not the case and that pursuant to Rule 14, Hamilton was required to file a notice of appeal by October 22, 1985, *i.e.*, within 42 days of the order denying Hamilton's Motion For New Trial. Insomuch as Hamilton failed to file a notice of appeal within this time period, Rule 21, Idaho Appellate Rules, requires the dismissal of Hamilton's appeal.
>
> Hamilton was required to file her notice of appeal by October 22, 1985 (*i.e.*, within 42 days of the order denying her Motion For New Trial) because Hamilton's Motion To Reconsider was *not* a motion which terminated the time for

filing an appeal pursuant to Rule 14. Rule 14 contemplates post-trial motions provided for in the Idaho Rules of Civil Procedure, more specifically, motions for judgment n.o.v. pursuant to Rule 50(b), motions to amend findings pursuant to Rule 52(b), and motions for new trial or to alter or amend judgment pursuant to Rule 59. As noted in *Obray v. Mitchell*, 98 Idaho 533, 538, 567 P.2d 1284 (1977), motions for reconsideration are not recognized by the Idaho Rules of Civil Procedure. That Rule 14 contemplates only post-trial motions recognized by the Idaho Rules of Civil Procedure is established by the fact that Rule 14 refers to "timely" motions. Memorandum in Support of Defendant/Respondent's Motion to Dismiss, pp. 3–4.

However, Rybar's supporting memorandum also lent support to the timeliness of the motion for reconsideration.

> Insomuch as motions to reconsider are not recognized by the Idaho Rules of Civil Procedure, *no time limit is imposed upon the filing of such motions* as is the case with motions pursuant to Rules 50(b), 52(b) and 59. *Id.* at p. 4 (emphasis added).

The anomaly of Rybar's position is that his counsel established being extremely well-versed in the court's rules on December 18, 1985, when the motion to dismiss was filed, but, earlier, at the October 15 hearing, the same counsel remained mute when Judge Smith announced that he would consider the arguments made to him that day, and thereafter render a decision—all of which took place with defense counsel's acquiescence and tacit agreement.

At that time and place, on a proper objection, or on the questions of timeliness being raised in any way, or presented with the question as to whether there even exists such a motion, it is not much in doubt that Judge Smith would have done as Judge Prather did in *Wheeler v. McIntyre*, 100 Idaho 286, 596 P.2d 798 (1979), which was to deny post-judgment motions which were

untimely filed, none of which, however, included a motion to reconsider a motion for new trial which had been timely filed.[1]

Had Rybar's counsel interposed an objection to the motion itself, or to its timeliness, the district court would have at the least had the opportunity to consdier *Wheeler*, and at the most, to apply it. At that point in time, the motion for new trial having been denied by written decision filed September 10, 1985, the plaintiff had 42 days from that date in which to file any appeals. This time would run out on the 23rd day of October, 1985.

Had Rybar promptly made the same argument to Judge Smith that he would shortly thereafter make in this Court, the plaintiff still had adequate time in which to put aside pursuing re-argument of the motion for new trial, and would have appealed from the judgment and the denial of the new trial motion.[2]

It is fundamentally wrong for the defendant, Rybar, to have allowed the plaintiff to pursue, and the district judge, to consider, a motion which has no "recognition by rule" in Idaho, and thereafter, when the time to appeal has expired, to bring forth the law for the first time. It would be the same sort of gamesmanship which the adoption of court-promulgated rules was designed to do away with. It also works a judicial estoppel, *i.e.*, true, the appeal is untimely, but the defendant may not under these circumstances invoke rules of timeliness which could have and should have been addressed to the trial court, and would have conserved trial court energy and effort.

The majority, while stating that the rules "do not provide for a petition to reconsider," does not say that there is no such motion. *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977), is cited for the proposition that such a motion has been treated as a motion to alter or amend judgment pursuant to

I.R.C.P. 59(e). The procedural background in *Obray* was this:

After the district court filed its memorandum decision, Mitchell filed a petition for reconsideration of the memorandum decision. Before ruling on this motion the court entered its findings of fact, conclusions of law and judgment. The court set the petition for hearing, treating it as a motion to amend judgment and for reconsideration. The court ordered that its judgment stand with the exception that the award of interest be deleted. *Obray, supra*, 98 Idaho at 538, 567 P.2d at 1289.

It was the district court, not the Supreme Court, which treated the petition for reconsideration of a memorandum decision *deciding the case*, as a (premature) motion to amend a judgment which had not yet been entered. All that Supreme Court said of that procedure was that it was "correctly" done. What has followed since then, and was true even before, is that there does exist and has existed in the Idaho practice court recognition of motions for reconsideration of anything, questions of fact, issues of law, admissibility of evidence, and whatever. Into that trap fell counsel for the plaintiff in this case, which under these circumstances is most unjust. Worse yet, the majority sees the product of its tacit *Obray* endorsement of the practice, and leaves the trap to be sprung again and again.

I would venture that in at least one out of three cases that comes before this Court the record will contain one or more motions for reconsideration. As just one ready example, *Green v. Bannock Paving*, 111 Idaho 3, 720 P.2d 186 (Sup.Ct.1986), there was such a motion. The procedure is very much a part of our Idaho practice, and with today's opinion the practice will continue. And, it seems to have served a good pur-

---

**1.** As mentioned above, there is no rule setting any time limitation on a motion for reconsideration.

**2.** Just ten days after Judge Smith first denied the motion for new trial, this Court's *McDonald*

opinion was released, and counsel for plaintiff, believing that it buttressed his position, apparently considered that the better thing to do was to argue that cases's applicability first in the trial court—rather than first on appeal.

pose. In the last year there were two cases where the district judge on reconsideration completely reversed his earlier decision.

One such case is *Kleiber v. City of Idaho Falls*, 110 Idaho 501, 716 P.2d 1273 (1986). In *Kleiber*, defendant filed a motion for summary judgment, which was denied by the district court on January 10, 1984. On January 12, 1984, defendant filed a motion for reconsideration, which read as follows:

COMES NOW the above-entitled Defendant, by and through its counsel of record, pursuant to Rule 56 of the Idaho Rules of Civil Procedure, and move this Court to reconsider its Memorandum Decision and Order entered as regards Plaintiff's prior Motion for Summary Judgment in this matter, and to reconsider Defendant's Motion for Summary Judgment.

On February 8, 1984, defendant filed a memorandum in support of its motion to reconsider, which it later supplemented on February 27, 1984. On June 15, 1984, the district judge changed his mind and reversed his prior January 10, 1984 ruling. He stated:

This matter is again before the Court at the request of the parties for reconsideration of the decision offered in the prior Memorandum Decision.

The critical issue in this Motion is whether or not the plaintiff has stated a cause of action in Count II under 42 U.S.C. Section 1983. After studied consideration of the matter I conclude that I should change my ruling as announced in the prior Decision. Considering all the authorities submitted, I conclude that under Idaho law no property right was granted the plaintiff by reason of the issuance of a permit to conduct his business as tendered by the City. I further conclude that the ordinance in question does not prohibit conducting a lawful business, but seeks to regulate it. Even though I have not changed my mind that the statute is unconstitutionally vague and even though an individual to whose conduct a statute clearly applies may not

successfully challenge it for vagueness (*Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547 [41 L.Ed.2d 439] [1974]), the presence of the undefined word structure in both the prohibitory and permissive sections of the ordinance precludes a finding that the ordinance clearly applies to the plaintiff's conduct. In short, neither a fundamental First Amendment right nor a property right is implicated in the application of Section 1983 to the facts of this case, hence an action under that Section cannot be maintained.

Accordingly, after reversing its prior ruling, the district court granted the defendants' motion for summary judgment on June 21, 1984.

On July 9, 1984, plaintiff filed a motion for reconsideration, which stated the following:

Plaintiff moves the Court to reconsider its Judgment entered herein and to alter or amend the same so as to deny Defendant's Motion for Summary Judgment and grant Summary Judgment to the Plaintiff herein.

This motion is made and based upon all the papers and pleadings filed herein and upon the most recent Court of Appeals decision in the case of *Chalmers v. City of Los Angeles* (case number 82–6112, decided May 10, 1984; United States Court of Appeals, Ninth Circuit).

On July 13, 1984, defendant filed a motion to strike plaintiff's motion for reconsideration, arguing that it was filed too late. On August 3, 1984, the district court denied defendant's motion to strike on the grounds that a ten-day limit would be harsh and inequitable. Undaunted, defendant filed a second motion to strike on August 30, 1984, arguing again that plaintiff's motion for reconsideration was filed too late. Finally, on September 13, 1984, the district judge denied plaintiff's motion to reconsider, stating:

Plaintiff's Motion to Reconsider or to Alter or Amend Judgment having come to be heard at a hearing on September 10, 1984, at which both parties were represented by their respective counsel of

record, and the Court having reviewed the documents in the file and the briefs submitted by the parties, and having heard oral argument upon the matter,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider or to Alter or Amend Judgment be denied.

Thus, in *Kleiber* we had both parties filing, and the district court considering motions for reconsideration, the second of which was untimely.

The Court should hear from the trial bench and bar, and either outlaw the practice or legitimize it.