727 P.2d 1289

Kendrick LEE, Plaintiff-Appellant,

v.

MORRISON–KNUDSEN COMPANY, INC., Defendant-Respondent.

No. 16446.

Court of Appeals of Idaho.

Nov. 3, 1986.

Donald Lojek, Boise, for plaintiff-appellant.

Linda L. Holdeman of Hawley, Troxell, Ennis & Hawley, Boise, for defendant-respondent.

SWANSTROM, Judge.

In December, 1983, Kendrick Lee brought this action against his former employer, Morrison-Knudsen (M–K), after Lee's employment was terminated. When a year passed and the summons had not been served on M–K the district court dismissed the action after notifying Lee that he must show good cause for its retention on the calendar. This appeal concerns Lee's unsuccessful attempts in district

court to have the action reinstated. We uphold dismissal of the action.

The order dismissing Lee's action was entered on January 9, 1985. Six months later, on July 10, Lee moved for relief from that dismissal under I.R.C.P. 60(b)(1). M–K then made a special appearance to oppose the motion.

■ Following a hearing, the district court denied the Rule 60(b) motion by an order entered on January 13, 1986. On February 24, Lee filed a "Motion For Reconsideration." This motion was denied following oral argument on April 23. The next day Lee filed notice of appeal, attempting to appeal from the order entered January 13, 1986, denying his Rule 60(b) motion and also from the order entered on April 23, 1986, denying his motion for reconsideration.[1]

Lee acknowledges that he took no timely appeal from the original order entered January 9, 1985, dismissing Lee's complaint for failure to prosecute. The right to appeal that order expired after forty-two days. However, Lee asserts that the district court abused its discretion in refusing to reinstate his action against M–K.

■ When the judge denied Lee's Rule 60(b) motion for relief from the dismissal—by the order entered January 13, 1986—Lee had ten days to file a motion for amendment or alteration under I.R.C.P. 59(a) or (e), and he had forty-two days to appeal. He did neither within those time periods. On the forty-second day, that is on February 24, Lee did file his "Motion for Reconsideration." That motion, if treated as a Rule 59 motion to alter or amend, came too late. If treated as another Rule 60(b) motion, it does not affect the time limit for filing an appeal from the January

1. In spite of its recurring use by some members of the bar, there is no provision in the Idaho rules of Civil Procedure for a "motion for reconsideration." Such a motion is acceptable only in certain circumstances where it can be correctly identified or treated as a recognized motion. *See, e.g., Hamilton v. Rybar,* 111 Idaho

396, 724 P.2d 132 (1986); *Obray v. Mitchell,* 98 Idaho 533, 576 P.2d 1284 (1977) (treated as a motion to alter or amend the judgment pursuant to I.R.C.P. 59(e)); and *Lowe v. Lym,* 103 Idaho 259, 646 P.2d 1030 (Ct.App.1982) (treated as a motion for relief from a judgment under Rule 60(b)).

13 order. I.A.R. 14(a). As a result, this appeal filed April 24, 1986, comes too late to reach any purported errors in the January 13 order. I.A.R. 17(e)(1)(B).

To preserve his only remaining chance for gaining reinstatement of the action, Lee asks us to treat his motion for reconsideration as a rule 60(b) motion for relief from the January 13 order on the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." I.R.C.P. 60(b)(2).

■ To avoid the timeliness challenge, Lee has asserted that his latest motion was one seeking relief from the January 13, 1986, order denying his first Rule 60(b) motion. However, the order he actually seeks to reach and overturn is the original order of dismissal dated January 9, 1985. His latest motion is really a belated effort to amend his earlier Rule 60(b) motion to add a new ground for setting aside the original order. The first Rule 60(b) motion only sought relief under part (1) for "mistake, inadvertence, surprise, or excusable neglect." The time limit for filing the motion upon either ground is six months. We believe, therefore, that the second Rule 60(b) motion should have been denied for the reason that it was made too late.

Accordingly, our decision in this appeal is governed by *Hamilton v. Rybar, supra,* footnote 1. We hold that in respect to the order of January 13, 1986, this appeal is untimely. As to the appeal from the order denying the "Motion for Reconsideration," we summarily affirm the order because even if the motion were considered as a Rule 60(b)(2) motion for relief from a final order, the motion was not timely filed.

The order denying Lee's "Motion for Reconsideration" is affirmed. Costs to respondent, Morrison-Knudsen. No attorney fees awarded.

WALTERS, C.J., and HUNTLEY, J. pro. tem., concur.