730 P.2d 950

**FIRST BANK & TRUST OF IDAHO,
an Idaho corporation,
Plaintiff-respondent,**

v.

**PARKER BROTHERS, INC.,
Defendant-appellant.**

No. 16047.

Supreme Court of Idaho.

Dec. 17, 1986.

Guy Price and Archie W. Service of Green, Service, Gasser & Kerl, Pocatello, for appellant.

Steven R. Fuller, Preston, for respondent.

BAKES, Justice.

First Bank & Trust Company of Idaho (bank) brought this action to collect an alleged debt. A jury trial was held, and a verdict was rendered in favor of the defendant, Parker Brothers, Inc. On November 19, 1984, the bank made a timely I.R.C.P. 50(b) motion for judgment notwithstanding the verdict or, in the alternative, a new trial under Rule 59(a). After considering oral argument and the briefs in support of the bank's motion, the district court denied it on February 28, 1985. Over one month later, on April 4, 1985, the bank filed a "motion for reconsideration" of the denial of the motion. Over objection, the district court granted the motion and ordered that Parker Brothers would either accept a remittitur or a new trial would be granted. Parker Brothers contended below, without success, that the district court was without authority to reconsider its denial of the bank's motion. We agree and reverse the district court decision.

The issue raised in this case is whether or not the motion for reconsideration filed on April 4, 1985, thirty-five days after the trial court denied the motion for j.n.o.v. or in the alternative for a new trial, was timely. If it was not, the trial court erred in reconsidering its order denying the motion.

This case requires us again to address the preliminary issue of whether, under the Idaho Rules of Civil Procedure, there is such a pleading as a "motion to reconsider" a trial court's previous ruling on a previously decided motion. A "motion to reconsider" has been called "a procedural practice of longstanding and regular utilization...." *Hamilton v. Rybar*, 111 Idaho 396, 724 P.2d 132, 133 (1986) (Bistline, J., dissenting). However, despite this longstanding practice neither the Idaho Rules of Civil Procedure nor the Federal Rules of Civil Procedure list a "motion to reconsider" as a motion available to litigants. Several cases have come before our courts presenting the issue of how a "motion for reconsideration" should be treated. *See Hamilton v. Rybar, supra; Devine v. Cluff*, 111 Idaho 476, 725 P.2d 181 (Ct.App.

1986); *State v. Goodrich*, 104 Idaho 469, 660 P.2d 934 (1983); *State v. Nelson*, 104 Idaho 430, 659 P.2d 783 (Ct.App.1983); *Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983); *Loomis, Inc. v. Cudahy*, 104 Idaho 106, 656 P.2d 1359 (1983); *Lowe v. Lym*, 103 Idaho 259, 646 P.2d 1030 (Ct. App.1982); *Large v. Mayes*, 100 Idaho 450, 600 P.2d 126 (1979); *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977). These cases hold that a "motion to reconsider" has validity only if it is the equivalent of one of the existing post-trial motions within the Idaho Rules of Civil Procedure, and not as a separate motion *per se*. *State v. Goodrich*, 104 Idaho at 471, 660 P.2d at 936 (A "motion to reconsider" will be treated as an enumerated motion "regardless of the title assigned to it").

There are several types of available recognized motions which perform the same or similar function as a motion for reconsideration. Among them are: (1) a Rule 59(a) motion for new trial or amendment of judgment; or (2) a Rule 59(e) motion to alter or amend a judgment; or (3) a Rule 60(b) motion for relief from judgment. Each of these motions is accompanied by certain procedural requirements as to time of filing and grounds for filing that movants must meet.

■ I.R.C.P. 59(a) permits a district court to grant new trials and to amend judgments based on a variety of grounds. Rule 59(a) motions must be made within ten days of the judgment. I.R.C.P. 59(b) and (e). The bank's motion for reconsideration was filed approximately 4½ months after entry of the judgment and thirty-five days after denial of the bank's timely motion for judgment notwithstanding the verdict or new trial. Therefore, even liberally construing the bank's motion for reconsideration as a Rule 59 motion is unavailing to the bank because, having been filed more than ten days after the judgment or order sought to be reconsidered, it was not timely.

■ The bank additionally urges on appeal that its "motion for reconsideration" should be considered as an I.R.C.P. 60(b)

motion for relief from judgment. A Rule 60(b) motion permits a district court to grant relief from a judgment based on mistake, or newly discovered evidence, or fraud, or misrepresentation, or misconduct, or void or satisfied judgments if filed within six months. Although the bank's "motion for reconsideration" meets the time of filing requirements, the bank has failed to demonstrate grounds to support a 60(b) motion. Rule 60(b) requires a showing of good cause and specifies particular grounds upon which relief may be afforded. *Lowe v. Lym*, 103 Idaho 259, 646 P.2d 1030 (Ct.App.1982). The bank's motion reads as follows:

> "COMES NOW, ... the Plaintiff in this matter, and moves the Court to reconsider its MEMORANDUM DECISION with regards to the denial for Plaintiff's Motion for Judgment Notwithstanding the Verdict or for New Trial, on the grounds and for the reason that Defendant would be unjustly enriched in the amount of $5,018.00 together with interest thereon as more fully explained in the accompanying brief."

The motion, which raised the issue of unjust enrichment does not reach any of the grounds for relief listed in Rule 60(b). I.R.C.P. 60(b)(6),[1] which is the catchall for the rule, was not intended to allow a court to reconsider the legal basis for its original decision. The unjust enrichment claim only presents a different legal theory of why the bank should prevail. Discovery of new legal theories does not constitute grounds for bringing a 60(b) motion. Accordingly, the bank was not entitled to relief under 60(b)(6).

 We do not hold or intimate by our decision today that motions for reconsideration are not authorized simply because they have not been expressly recognized in the rules. Our previous cases demonstrate

otherwise. What we hold is that such motions for reconsideration presumably must be identified as asserting one of the grounds for relief recognized in one of our existing rules, and then must be filed within the time provided in that existing rule. A motion for reconsideration which does not assert some grounds for relief recognized under another existing rule, or which is not filed within the time required by such other rule, does not properly invoke the jurisdiction of the trial courts, nor does it toll the running of the appeal time on any order or judgment sought to be reviewed by such a motion for reconsideration.[2]

The district court's order granting the motion for reconsideration is reversed and the original verdict and judgment are reinstated. Costs to appellant. No attorney fees.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.

---

1. "Rule 60(b). Mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, grounds for relief from judgment on order.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment...."

2. The function of a "motion for reconsideration" is presently under review by the Idaho Supreme Court Rules of Civil Procedure Advisory Committee.