733 P.2d 1260

**Shirley LAURANCE, Plaintiff-Appellant,**

v.

**Dean LAURANCE,**
**Defendant-Respondent,**

**and**

**Randall Brown, Intervenor-Appellant.**

No. 16259.

Court of Appeals of Idaho.

March 3, 1987.

("the specific mention of one thing implies the exclusion of another; expressio unius est exclusio alterius").

Reginald R. Reeves, Denman & Reeves, Idaho Falls, for plaintiff-appellant Shirley Laurance.

Marvin R. Stucki, Idaho Falls, for intervenor-appellant Randall Brown.

Jerry K. Woolf, Idaho Falls, for defendant-respondent.

WALTERS, Chief Judge.

Shirley Laurance, the wife in a divorce action, appealed to the district court following entry of the decree of divorce in the magistrate division. The district court dismissed her appeal as untimely. She now appeals from the dismissal order, contending the district court was in error. We affirm the dismissal insofar as it relates to an appeal from the judgment filed in the action. However, we hold that the district court should have recognized the appeal was timely as to certain postjudgment orders entered by the magistrate. We therefore vacate the order of dismissal in part and remand the case for further proceedings.

The case comes to us with the following procedural background. A judgment, entitled "Decree of Divorce," was entered by the magistrate on May 23, 1985. The appellant, Shirley Laurance,[1] timely filed a motion for new trial or, in the alternative, for amendment of findings, conclusions and judgment pursuant to I.R.C.P. 59(a) and 52(b). Because the motion was filed within ten days of the divorce decree, it suspended the time for filing an appeal from the judgment. I.R.C.P. 83(e). The motion was denied by the magistrate on June 28, 1985. Under Rule 83(e), the appellant then had forty-two days to appeal to the district court from the judgment and the order denying the appellant's postjudgment motion.

On July 10, 1985, the appellant filed an "Amended Motion for New Trial or For Amendment of Findings of Fact, Conclusions of Law and Judgment." This motion was denied by order filed on July 25, 1985. Thereafter several other orders were entered by the magistrate concerning enforcement of the judgment.

On August 28, 1985, the appellant filed a notice of appeal from the magistrate division to the district court. According to that notice, the appeal was taken

> From the findings of fact, conclusions of law, and decree of divorce entered herein on May 21 and 23, 1985; the order denying motion for new trial or for amendment of findings of fact, conclusions of law and judgment, dated July 25, 1985; the refusal to allow oral argument on such motion (June 28, 1985); the refusal to allow further motions or an application for stay of execution (July 25, 1985); the order denying plaintiff's motion to quash order to show cause, entered herein on August 8, 1985; and the order of contempt announced herein on August 27, 1985.

---

1. As denoted in the caption in this case, Randall Brown appears also as a party appellant. Mr. Brown intervened in the divorce action, claiming an interest as a partner in a business owned and operated by Mr. and Mrs. Laurance. Following an evidentiary hearing, the trial court determined that the business in question was solely owned by the Laurances as community property, and was not subject to Brown's claimed interest. It does not appear from the record that Brown filed any postjudgment motions. However, the notice of appeal to the district court, as well as the notice of appeal from the district court's order of dismissal, were filed on behalf of both Mrs. Laurance and Brown, as appellants. On the appeal before us Brown did not file a brief, nor did he join in the brief filed by Mrs. Laurance, precluding oral argument on Brown's behalf. I.A.R. 37(e). Thus, the issue we decide in this case is framed by the appeal on behalf of Mrs. Laurance only.

The respondent, Mr. Laurance, moved to dismiss the appeal, asserting lack of jurisdiction because the appeal was not timely filed. The district court granted that motion. The court reasoned that the time for appeal commenced running on June 28, 1985 when the magistrate denied appellant's alternative motion for new trial or for amendment of the judgment, and that the appeal time expired forty-two days later, prior to the filing of the notice of appeal on August 28. The court held that appellant's "Amended Motion," filed on July 10, did not suspend the running of time for the appeal.

■ We believe the district court was correct in its analysis insofar as concluding that an appeal from the judgment was untimely. The time for an appeal from the judgment expired forty-two days from June 28, having been extended by appellant's timely motion for new trial or to amend the findings, conclusions and judgment. I.R. C.P. 83(e). The court also correctly held that appellant's "amended motion" on July 10 did not further extend the time to appeal from the judgment. Once appellant's first motion for new trial was ruled upon by the magistrate, it was not subject to "amendment" by the appellant. The July 10 motion—although designated as an "amended motion"—was not an amendment of any existing motion. It was simply a renewed motion, essentially seeking relief on the same grounds as requested in the earlier, denied motion. See Puphal v. Puphal, 105 Idaho 302, 669 P.2d 191 (1983).[2] Thus, the district court properly concluded the appeal from the judgment was untimely.

■ This does not mean, however, that the court was correct in dismissing the entire appeal. It appears from the notice of appeal that review was sought of other orders entered by the magistrate subsequent to the judgment. As to any appealable postjudgment order entered within forty-two days preceding the notice of appeal, the appeal was timely.[3] The district court thus had jurisdiction to rule on any challenge to orders from which a timely appeal was taken. See, e.g., Wheeler v. McIntyre, 100 Idaho 286, 596 P.2d 798 (1979). The district court should not have dismissed the appeal on jurisdictional grounds as to those orders.

■ Finally, we note that in his statement of issues under I.R.C.P. 83(f)(6) appellant's counsel did not identify any issue in the district court relating to postjudgment orders, other than the denial of the "amended motion" on July 25. However, the statement of issues is not a jurisdictional requirement; it simply is a step in the appellate process which, if omitted, affords the district court a *discretionary* basis to dismiss the appeal or to impose another sanction. I.R.C.P. 83(s). Moreover, the district court, in its discretion, may allow a statement of issues to be enlarged during the pendency of the appeal. I.R.C.P. 83(f)(6). The district court in this case should determine on remand whether to allow other issues, concerning properly appealed postjudgment orders, to be raised.

The district court's order dismissing the appeal is affirmed in part and vacated in part. Case remanded to the district court for further proceedings. Costs to appellant. No attorney fees on appeal.

BURNETT, J., concurs.

2. In *Puphal,* the appellant had filed a "motion to reconsider" the memorandum decision entered by the court in a divorce action. The court's subsequent "decree of distribution," while not explicitly mentioning appellant's motion to reconsider, "incorporated a substantial part of the changes requested by the appellant in his motion.... Having been disposed of by the decree of distribution, the appellant's motion to reconsider was not subject to later amendment." 105 Idaho at 305, 669 P.2d at 194.

3. While appellant's motion for new trial, filed within ten days of the judgment, was timely under Rule 59 to extend the time for appeal from the judgment, the denial of that motion was not preserved for review by the "amended motion" filed on July 10. The latter motion was filed more than ten days from the date of the order denying the first motion for new trial. I.R.C.P. 59(e); *Hamilton v. Rybar,* 111 Idaho 396, 724 P.2d 132 (1986).

SWANSTROM, Judge, dissenting.

Although the wife's notice of appeal recited the appeal was being taken from the divorce decree and subsequent orders, the wife designated only *one* issue for the district court to decide in the appeal:

> The issue on appeal herein is whether the trial court erred in failing and refusing to grant the relief requested in the amended motion for new trial or for amendment of findings of fact, conclusions of law and judgment, filed herein.

A hearing was held in the district court on this appeal. Counsel for each of the parties was present and submitted argument. Nothing in the record indicates that counsel for Shirley Laurance sought to expand the issues beyond the one stated. The memorandum decision of the district court discusses only the timeliness and effectiveness of the "amended motion," indicating that no other issue was argued to the court. Given this record, we must assume the stated issue was the "kite" that the wife needed to fly successfully in the appellate court in order to gain any relief from the divorce decree and related orders. Her "appeals" from other postjudgment orders were obviously the tail of her kite; if the kite did not fly neither would any other aspect of her appeal. The kite did not fly. As the majority correctly holds, the "amended" motion was not timely.

"Since the motion was not filed within ten days of entry of judgment, the court had no power to grant the requested relief.... The motion was properly denied." *Hamilton v. Rybar*, 111 Idaho 396, 397, 724 P.2d 132, 133 (1986) (quoting from *Wheeler v. McIntyre*, 100 Idaho 286, 596 P.2d 798 (1979). *See also, Lee v. Morrison-Knudsen Company, Inc.*, 111 Idaho 861, 727 P.2d 1289 (Ct.App.1986). Upon the appeal record presented to the district court, the trial court did not err "in failing and refusing to grant the relief requested in the amended motion." We have taken away the wife's kite; I see no need for remanding this case to the district court to see if she can fly the tail. I would affirm the district court order dismissing the appeal.