793 P.2d 1263 (1990)
117 Idaho 1091
In the Matter of the ESTATE OF Floyd S. BAGLEY, Deceased.
Lowell J. HOOPES, Plaintiff-Appellant-Cross Respondent,
v.
Terrence F. BAGLEY, Personal Representative, Defendant-Respondent-Cross Appellant.
No. 18062.
Court of Appeals of Idaho.
June 6, 1990.
*1264 Hoopes & Thompson, Rexburg, Idaho, for plaintiff-appellant-cross-respondent. Robert J. Hoopes argued.
Rigby, Thatcher, Andrus, Rigby & Perkes, Rexburg, Idaho, for defendant-respondent-cross-appellant. Michael S. Kam argued.
Before WALTERS, C.J., BURNETT, J., and BAIL, J. Pro Tem.
PER CURIAM.
This case is based on a claim for attorney fees. The sole issue before us is whether a magistrate erred in denying a motion filed under I.R.C.P. 60(b)(6), seeking to increase an attorney fee award. The district court dismissed the appeal from the magistrate's order. Today we affirm.
The relevant facts are as follows. This case began in Wyoming in 1962 as litigation *1265 over grazing rights. Lowell J. Hoopes obtained a judgment against Floyd S. Bagley. After Bagley's death, Hoopes submitted a creditor's claim against Bagley's estate which was being administered in Idaho. The claim was approved. A new issue then arose over whether attorney fees should be awarded under I.C. § 12-121. In 1987, after an interlocutory appeal to the district court, attorney fees were granted to Hoopes by the magistrate. Two months later, Hoopes filed a motion under I.R.C.P. 60(b)(6), asserting that the amount of attorney fees awarded Hoopes was in error and that prejudgment interest was incorrectly computed. The magistrate denied the motion and Hoopes appealed to the district court. In that appeal, Hoopes also sought a trial de novo. The district court denied the motion for a trial de novo and also dismissed Hoopes' appeal because Hoopes had failed to file an appellant's brief within the time prescribed. Hoopes then appealed. Bagley cross-appealed, unnecessarily, to urge various grounds for upholding the district court's order.
Whether to conduct a trial de novo in a case appealed from the magistrate division is a question addressed to the district court's discretion. I.R.C.P. 83(j); Bernard v. Roby, 112 Idaho 583, 733 P.2d 804 (Ct.App. 1987). We find no abuse of discretion in this case.
Dismissal of an appeal is a permissible sanction when the appellant fails to file a timely brief. I.A.R. 21; I.R.C.P. 83(s). Here, Hoopes argues that there was some confusion as to when the brief was due. We need not tarry over that question, however. The effect of the dismissal was simply to deny relief on appeal. We can uphold the district court's order if we determine that Hoopes was not entitled to relief, in any event, on the merits of the appeal. See Davis v. Davis, 114 Idaho 170, 755 P.2d 3 (Ct.App. 1988) (review denied).
Thus, the dispositive issue is whether the magistrate correctly denied Hoopes' Rule 60(b)(6) motion. We believe he did. The magistrate's denial of the motion was based, at least in part, on a belief that he could not increase the attorney fee award to include fees spent prior to the death of Floyd Bagley. However, the respondent, Terrence Bagley, has noted in his brief that the motion could well have been denied on the independent ground that the motion was merely a pretextual attempt to remedy Hoopes' failure to file a timely appeal from the order awarding fees. We agree. Since we can affirm the lower court's decision on a legal theory different from the one applied by that court, see Spreader Specialists, Inc. v. Monroc, Inc., 114 Idaho 15, 752 P.2d 617 (Ct.App. 1988), we will resolve this case upon the point urged by Bagley.
Rule 60(b), I.R.C.P., provides a means for an aggrieved party to obtain relief from a "final judgment, order, or proceeding" directly from the trial court without resorting to an appeal. First Security Bank of Idaho, N.A. v. Stauffer, 112 Idaho 133, 730 P.2d 1053 (Ct.App. 1986). The rule requires a showing of good cause and specifies particular grounds upon which relief may be granted. Lowe v. Lym, 103 Idaho 259, 646 P.2d 1030 (Ct.App. 1982). These grounds include mistake, excusable neglect, newly discovered evidence, fraud, misconduct, or satisfaction of the judgment. See First Bank & Trust of Idaho v. Parker Brothers, Inc., 112 Idaho 30, 730 P.2d 950 (1986). In addition to listing specific grounds upon which relief can be granted, the rule contains a clause allowing reconsideration for "any other reason justifying relief from the operation of the law." I.R.C.P. 60(b)(6). It was under this clause of Rule 60(b) that Hoopes brought his motion.
However, Rule 60(b)(6) has clearly defined limits. The party making a Rule 60(b)(6) motion must demonstrate unique and compelling circumstances justifying relief. See Puphal v. Puphal, 105 Idaho 302, 669 P.2d 191 (1983). The motion cannot be a disguised substitute for a timely appeal. *1266 Id. We have previously stated that where an appeal from the judgment is the proper remedy, "Rule 60(b)(6) may not be used as an end-run around the time limits of I.A.R. 14." Stauffer, supra, 112 Idaho at 142, 730 P.2d at 1062.
Here, Hoopes plainly tried to use Rule 60(b)(6) as a substitute for a timely motion to amend the judgment and a timely appeal. Motions to amend a judgment must be made within fourteen days of the judgment's entry. I.R.C.P. 59(e). A party has forty-two days to appeal from a final judgment. I.A.R. 14. In this case Hoopes waited two months before challenging the award of attorney fees. He has identified no cogent reason for the delay. He simply argues that the amount of the attorney fee award was in error. However, this alleged error could have been remedied either by a motion to amend or by an appeal. Consequently, Rule 60(b)(6) was not an appropriate vehicle for relief in this case, and the motion was properly denied.
Bagley has asked for attorney fees in the instant appeal under I.C. § 12-121. This statute authorizes attorney fees on appeal if a case is brought or defended frivolously, unreasonably or without foundation. Matter of the Estate of Irwin, 104 Idaho 876, 664 P.2d 783 (Ct.App. 1983). We find no fairly debatable merit to Hoopes' contention that his Rule 60(b)(6) motion was proper. Therefore, as authorized by I.C. § 12-121, we award attorney fees in this appeal to Bagley.
The district court order dismissing the appeal from the magistrate division is affirmed. Attorney fees and costs, in an amount to be computed under I.A.R. 41, to respondent.