115 P.3d 761

**Steven K. ROSS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 29591.**

Court of Appeals of Idaho.

Feb. 25, 2005.

Review Denied July 12, 2005.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent.

WALTERS, Judge Pro Tem.

This is an appeal from an order by the district court denying a motion to reconsider the dismissal of a successive application for post-conviction relief. The order is affirmed.

## I.

## BACKGROUND

Steven K. Ross pled guilty to delivery of a controlled substance, money laundering, and failure to pay income tax. The judgments of conviction and sentences were upheld upon direct appeal. *State v. Ross*, 129 Idaho 380, 924 P.2d 1224 (1996). In February 1997, Ross filed a timely pro se application for post-conviction relief raising numerous claims challenging the validity of his convictions. The district court summarily dismissed the application upon the state's motion. This Court affirmed in an unpublished opinion, *Ross v. State*, 131 Idaho 812, 964 P.2d 679 (Ct.App. 1998). The Idaho Supreme Court denied Ross's petition for review and the remittitur was filed on July 7, 1998.

On June 24, 2002, Ross filed a successive petition for post-conviction relief. In this petition, Ross claimed that his convictions were in violation of double jeopardy protections; that there was a breach of plea agreement with regard to his sentences because he had not been given credit for time served in federal custody; and that his money laundering conviction was obtained as a result of an illegal search. Ross requested appointment of counsel, which the district court granted.

After obtaining leave from the district court, Ross filed an amended application in which he asserted that he did not raise the issues in his first petition because his prior post-conviction counsel failed to amend his first petition. Following two hearings on the state's motion to dismiss, the district court granted the state's motion on February 26, 2003.

Ross did not file a notice of appeal. Rather, on April 3, 2003, Ross filed a motion to reconsider, which the district court denied on April 22, 2003. Ross then timely filed a notice of appeal from the district court's order denying the reconsideration motion.

## II.

## ANALYSIS

On this appeal, Ross contends the district court erred in denying the reconsideration motion because the court had improperly granted the state's motion to dismiss the successive application for post-conviction relief. We hold that the district court did not err in denying the motion for reconsideration and therefore, we do not reach the merits of the district court's decision to dismiss Ross's application for post-conviction relief.

It is well established that an action under the Uniform Post–Conviction Procedure Act is civil in nature and that the Idaho Rules of Civil Procedure are applicable in such a proceeding. *State v. Goodrich*, 104 Idaho 469, 660 P.2d 934 (1983). *See also*, Idaho Criminal Rule 57(b). In his request for reconsideration, Ross sought relief from the district court pursuant to Idaho Rules of Civil Procedure 59(e) and 60(b).

### A. Rule 59(e)

A motion to reconsider a dismissal order properly should be treated as a motion to alter or amend a judgment under I.R.C.P. 59(e) if the motion was timely filed. *Hamilton v. Rybar*, 111 Idaho 396, 724 P.2d 132 (1986). The rule requires that such a motion, in order to be timely, must be filed within fourteen days after the entry of the "judgment." Ross's motion, insofar as it could be

treated as a Rule 59(e) motion, was untimely because it was filed on April 3, 2003, more than fourteen days after February 26, the day the district court entered the order of dismissal. As noted in *Hamilton:* "Since the motion was not filed within [fourteen] days of the entry of judgment, the court had no power to grant the requested relief.... The motion was properly denied." *Hamilton* at 397, 724 P.2d at 133. *See also, Puphal v. Puphal,* 105 Idaho 302, 669 P.2d 191 (1983).

## B. Rule 60(b)

■ Nor was Ross's motion to reconsider proper as a Rule 60(b) motion. This Court, in *Hoopes v. Bagley,* 117 Idaho 1091, 793 P.2d 1263 (Ct.App.1990), explained:

Rule 60(b), I.R.C.P., provides a means for an aggrieved party to obtain relief from a "final judgment, order, or proceeding" directly from the trial court without resorting to an appeal. *First Security Bank of Idaho, N.A. v. Stauffer,* 112 Idaho 133, 730 P.2d 1053 (Ct.App.1986). The rule requires a showing of good cause and specifies particular grounds upon which relief may be granted. *Lowe v. Lym,* 103 Idaho 259, 646 P.2d 1030 (Ct.App.1982). These grounds include mistake, excusable neglect, newly discovered evidence, fraud, misconduct, or satisfaction of the judgment. *See First Bank & Trust of Idaho v. Parker Brothers, Inc.,* 112 Idaho 30, 730 P.2d 950 (1986). In addition to listing specific grounds upon which relief can be granted, the rule contains a clause allowing reconsideration for "any other reason justifying relief from the operation of the law." I.R.C.P. 60(b)(6). It was under this clause of Rule 60(b) that Hoopes brought his motion.

However, Rule 60(b)(6) has clearly defined limits. The party making a Rule 60(b)(6) motion must demonstrate unique and compelling circumstances justifying relief. *See Puphal v. Puphal,* 105 Idaho 302, 669 P.2d 191 (1983). The motion cannot be a disguised substitute for a timely appeal. *Id.* We have previously stated that where an appeal from the judgment is the proper remedy, "Rule 60(b)(6) may not be used as an end-run around the time limits of I.A.R. 14." *Stauffer, supra,* 112 Idaho at 142, 730 P.2d at 1062.

Here, Hoopes plainly tried to use Rule 60(b)(6) as a substitute for a timely motion to amend the judgment and a timely appeal. Motions to amend a judgment must be made within fourteen days of the judgment's entry. I.R.C.P. 59(e). A party has forty-two days to appeal from a final judgment. I.A.R. 14. In this case Hoopes waited two months before challenging the award of attorney fees. He has identified no cogent reason for the delay. He simply argues that the amount of the attorney fee award was in error. However, this alleged error could have been remedied either by a motion to amend or by an appeal. Consequently, Rule 60(b)(6) was not an appropriate vehicle for relief in this case, and the motion was properly denied.

*Hoopes* at 1093–94, 793 P.2d at 1265–66.

As in *Hoopes,* Ross did not timely seek relief under Rule 59(e) nor did he timely appeal from the February 26 order of dismissal. Both were remedial avenues that were directly available to him. His arguments under Rule 60(b) in his motion for reconsideration did not include claims of mistake, excusable neglect, newly discovered evidence, fraud, misconduct, or satisfaction of judgment. He failed to provide any new information in support of his request for reconsideration that would justify relief pursuant to Rule 60(b)(6), but instead maintained that the district court was wrong in dismissing the amended application for postconviction relief, and he essentially asked the district court to reverse itself and rule in Ross's favor on the state's motion to dismiss. This was an inappropriate use of Rule 60(b) as a disguised substitute for an appeal that could have been timely filed on April 3, 2003, the date he submitted his motion for reconsideration. The district court did not err in denying Ross's motion for reconsideration predicated upon Rule 60(b).

## III.

## CONCLUSION

The order by the district court denying Ross's motion for reconsideration is affirmed.

No costs or attorney fees on appeal are allowed.

Chief Judge PERRY and Judge LANSING concur.