590 P.2d 578

**ALPINE VILLA DEVELOPMENT COMPANY, INC., an Idaho Corporation, Plaintiff-Appellant,**

v.

**Quen W. YOUNG and Suzanne O. Young, husband and wife, John T. Spencer and Nancy R. Spencer, husband and wife, Weyland Lum and Rachel A. Lum, husband and wife, and Robert W. Fulda and Marsha Fulda, husband and wife, Defendants-Respondents.**

No. 12885.

Supreme Court of Idaho.

Feb. 2, 1979.

Robert Korb, III, of Kneeland, Laggis, Korb, Collier & Benjamin, Ketchum, for plaintiff-appellant.

J. Stephen Crabtree of Kennedy, duPont & Crabtree, Ketchum, for defendants-respondents.

Before SHEPARD, C. J., BAKES and BISTLINE, JJ., and ROWETT and HARGRAVES, JJ. Pro Tem.

PER CURIAM.

This is a consolidated appeal from orders entered by the district court in four separate actions, dismissing each action for the failure of appellant to state a claim upon which relief could be granted, and also from subsequent orders denying appellant's motion to reconsider such dismissals in each case. The four actions were consolidated on appeal due to the similarity of facts and identity of legal issues.

Respondents Youngs, Spencers, Lums and Fuldas each purchased condominiums from appellant "Alpine." They financed most of the purchase price with loans from a bank, and executed first deeds of trust on the condominiums as security for such loans. Alpine received a small cash payment on each condominium and financed the remainder of the purchase price by accepting second deeds of trust on the condominiums which were subordinate to the deeds of trust respondents had given to the bank.

Respondents each defaulted on their purchases, and Alpine commenced proceedings to foreclose on each of the second deeds of trust. Thereafter, the bank commenced foreclosure proceedings on the first deeds of trust. Alpine proceeded with summary foreclosure sales on each of its second deeds of trust, and purchased all four condominiums by bidding on each the full amount of the balance owed to it as secured by each of its second deeds of trust. Alpine thereupon received a deed to each condominium from the trustee of the second deeds of trust reciting that the condominiums were sold "subject however to all prior liens and encumbrances."

Several months later, the bank held foreclosure sales on each first deed of trust and purchased all four condominiums at such sales. Appraisals showed that the market value of each condominium was less than even the unpaid balance of each bank loan, and appellant did not bid at the bank's sales. Appellant then commenced these four actions to obtain deficiency judgments for the unpaid amounts secured by the second deeds of trust, on the theory that it had received no value at the foreclosure sales in light of the subsequent appraisals. The district court granted respondents' motions to dismiss each complaint on the grounds that they did not state causes of action for deficiency judgments, and thereafter denied appellant's motions to reconsider the dismissal orders.

Alpine contends that the trial court erred in holding that I.C. § 45–1512 prevented it from obtaining a deficiency judgment because it purchased the condominiums after bidding the full amount of the debt secured by its deeds of trust at its summary foreclosure sales.

The last sentence of I.C. § 45–1512 places specific limitations on the amount of the deficiency judgment which a beneficiary of a deed of trust can obtain after foreclosure sale, as follows:

The Court may not render judgment for more than the amount by which the entire amount of indebtedness due at the time of sale exceeds the fair market value at that time with interest from date of sale, but in no event may the judgment exceed the difference between the amount for which such property was sold and the entire amount of the indebtedness secured by the deed of trust.

The first limitation would not prevent Alpine from obtaining a deficiency judgment under the facts here, since in each case the "entire amount of indebtedness due at the time of sale" (the indebtedness owed both to the bank and to the appellant) clearly exceeded "the fair market value" of the property (which was even less than the indebtedness to the bank secured by the first deed of trust).

However, the statute superimposes an additional limitation so that a deficiency judgment can never exceed "the difference between the amount for which such property was sold and the entire amount of the indebtedness secured by the deed of trust."

Alpine argues that whenever second (subordinate) deeds of trust are involved, the Court should construe "the amount for which such property was sold" as *including* any unpaid amount secured by a superior deed of trust; so that where, as here, a beneficiary of a subordinate deed of trust bids the full amount owed to it, after first proceeding with its foreclosure sale, there would still be a "difference" equivalent to the unpaid balance secured by the prior deed of trust, and the statute would not prevent it from recovering a deficiency judgment for the full amounts still owed to it by each respondent. It contends such construction is justified because a beneficiary of a second deed of trust is never in as favorable a position as the beneficiary of the first deed of trust.

The beneficiary of a second deed of trust is necessarily always in a subordinate position to the first beneficiary, and where, as here, the value of the property securing both deeds of trust is less than the unpaid debt secured by the first deed of trust, he is, in effect, an unsecured creditor. However, the beneficiary of a second deed of trust is not restricted to the procedure followed here by Alpine, and would normally

so proceed only if the market value of the property is at least equal to the total of the unpaid balances secured by *both* the subordinate and the superior deeds of trust. In that circumstance, he would receive payment of his debt and could have no complaint about a deficiency judgment being barred.

On the other hand, and to insure being able to obtain a deficiency judgment where property securing both deeds of trust is not worth the total indebtedness, a second beneficiary could either wait until the beneficiary of the first deed of trust foreclosed and sold the security, then proceed as an unsecured creditor, or else still first proceed with foreclosure sale on the second deed of trust, but then bid only a nominal amount to insure there would be a maximum "difference" upon which to later base a deficiency judgment.

Alpine deliberately invoked the foreclosure statute and brought itself within its limitations, apparently either under a mistaken assumption that the properties were at least worth the total of both obligations, or else without even considering such values.

In our view, the statutory construction sought here by Alpine is unnecessary and not warranted. The "difference" contemplated by the statute is obviously that created where property is sold at a foreclosure sale to a beneficiary or other purchaser at a price which is *less* than the balance of the indebtedness secured by the deed of trust being foreclosed.

The district court correctly concluded that under the statute, when Alpine, as beneficiary of subordinate deeds of trust, elected to foreclose them and purchase the properties subject thereto by bidding the full amount of the respondents' obligations to it, it thereby extinguished the obligations to it and its right to recover any deficiency judgments.

Affirmed. Costs to respondents.