730 P.2d 1053

**FIRST SECURITY BANK OF IDAHO, N.A., Plaintiff-Respondent,**

v.

**Richard W. STAUFFER and Colleen A. Stauffer, husband and wife; Warren E. Stauffer and Alta E. Stauffer, husband and wife, Defendants-Appellants,**

**and**

**The Federal Land Bank of Spokane; the United States of America Acting Through the Farmers Home Administration; United States Department of Agriculture, Defendants-Respondents.**

**No. 16127.**

Court of Appeals of Idaho.

Dec. 29, 1986.

Kenneth L. Perkes (argued) and G. Rich Andrus, Rexburg, for appellants.

Alan C. Stephens, Idaho Falls, for respondent First Security.

Ron Kerl, Pocatello, for respondent Federal Land Bank.

Daniel L. Hawkley, Boise, for respondent United States Department of Agriculture.

Alan C. Stephens argued on behalf of all respondents.

WALTERS, Chief Judge.

This case involves the foreclosure of a real property mortgage. The action reaches the appellate court in an unusual posture. A judgment was entered in favor of the plaintiff-mortgagee, allowing recovery on a claim and delivery action (Count I) and for foreclosure of a real property mortgage (Count II). The plaintiff then moved to amend the judgment. The plaintiff requested dismissal of Count II for foreclosure of the real property mortgage, deleting recovery on that claim from the judgment. The amendment was allowed without a hearing. The defendants-mort-gagors moved to set aside the amended judgment. Their motion was denied and they appealed. The defendants want the original judgment against them, on both of the plaintiff's claims, reinstated. Moreover, the defendants' real property has been sold on foreclosure of a separate, superior mortgage. Neither the defendants nor the plaintiff in this action redeemed the property following that sale.

The issues involved in this appeal include: (1) whether a junior real property mortgagee, who also possesses a personal property lien, is barred from collecting a deficiency judgment by its failure to redeem from a senior mortgagee's foreclosure on the real property; (2) if not, (a) whether under Idaho law a joint foreclosure of junior and senior mortgages on the same real property may be ordered; and (b) whether a prevailing party's motion to amend a judgment by removing a claim may be granted without hearing. We conclude that a deficiency judgment is not barred and that a joint foreclosure could be entered. However, we hold that due process requires a hearing before a judgment is amended to the detriment of opposing parties. We vacate the orders of the district court amending the judgment and denying the mortgagors' motion to set aside the amended judgment. We remand the cause for further proceedings.

In 1974, Warren and Alta Stauffer, husband and wife, agreed to sell 320 acres of land in Butte County, Idaho, to Richard and Colleen Stauffer, also husband and wife. Record title to the property remained in Warren and Alta, apparently until the sale price was paid in full by Richard and Colleen.[1] In 1976 all of the Stauffers executed a mortgage on the same property, in favor of the Federal Land Bank of Spokane, as security for a loan of $75,000. The Stauffers later obtained additional loans for nearly $180,000 from the Butte County Bank (now First Security Bank of Idaho). These loans were secured by a lien

1. A copy of the sale agreement between these parties was not included in the record in this appeal. A report issued by a title insurance company in 1984, however, shows Warren and Alta as record title owners of the property and discloses that the Stauffers' land sale agreement was recorded in Butte County in 1978.

on Richard and Colleen's personal property and by a second mortgage on the same real property pledged to the Federal Land Bank. The Stauffers defaulted on both the Federal Land Bank and First Security loans.

First Security brought an action for claim and delivery of the personal property and to foreclose its mortgage on the real property. A deficiency judgment was also sought. Warren and Alta Stauffer answered by *pro se* denial. Richard and Colleen Stauffer did not file any appearance and an order of default subsequently was entered against them. The Stauffers sought reorganization relief in bankruptcy court. However, bankruptcy stays were lifted to permit First Security to attach the personal property.

In response to First Security's foreclosure complaint, the Federal Land Bank filed a counterclaim against First Security and a crossclaim against the Stauffers. In those pleadings, Federal Land Bank alleged the property had a fair market value of $250,000 and sought foreclosure of its senior lien. First Security answered the counterclaim, admitted the value alleged, admitted Federal Land Bank's superior position, and prayed for a joint foreclosure. Both First Security and the Federal Land Bank moved for summary judgment on their claims. They filed supporting affidavits and a proposed decree of foreclosure declaring that the fair market value of the real property was $250,000.

On April 15, 1985, the decree of joint foreclosure was summarily issued. Four days later, following notice of the foreclosure sale, First Security moved pursuant to I.R.C.P. 59(e) and 60(b) to alter or amend the judgment and for relief from the judgment in its favor. First Security sought to amend the judgment by dismissing that portion relating to foreclosure of its real property mortgage. First Security apparently sought this amendment to avoid an allegedly erroneous fair market value figure contained in the decree. It is unclear why First Security did not simply move to amend the stated value. First Security indicated it would proceed only on its action for claim and delivery of personal property and for any deficiency. The motion was designed not to affect Federal Land Bank's foreclosure, stated no grounds, and was not supported by affidavit or any allegation of fact or law.

First Security's motion to amend the judgment was served upon the Stauffers. On May 6, the trial court granted the motion by dismissing the real property foreclosure portion of First Security's claim "without prejudice as to the Plaintiff against all Defendants and Crossdefendants." The motion was granted without a hearing. First Security argues that in fact the court was acting on its own initiative to correct an erroneous decree under I.R.C.P. 60(a) or pursuant to an implied power under I.R.C.P. 59. *See* 6A MOORE'S FED. PRACTICE ¶ 59.12[4] (2d ed. 1986). For purposes of our analysis, the district court's motivation is not dispositive.

The Stauffers argue that they became aware of the potential consequences of this amendment only upon seeking the advice of counsel after receiving the amendment order. They contend they were under the impression the order sought by First Security would merely dismiss its claim and have no additional consequences. After the amendment, the Stauffers realized that they could be exposed to an additional liability to First Security for the deficiency balance of their debt owed to that bank, if the fair market value of the mortgaged property was not $250,000 but was a sum less than the debt owed to First Security. On June 5, 1985, pursuant to I.R.C.P. 60(b), the Stauffers moved to vacate and set aside the amendment to the judgment, and to stay the sale of the property. A stay was granted. Following a hearing, this stay was lifted and the property was sold at a sheriff's execution sale on August 9, 1985 to Federal Land Bank (the highest bidder at the sale) for $99,203.38. On August 28, the court entered a written order, reiterating that the stay was lifted and denying Stauffers' motion to set aside the amended judgment. In that same order

the court found the value of the property was $175,000 as of August 5, 1985.[2] Stauffers appealed from the denial of their motion to set aside the amendment of the judgment.

The Stauffers contend that their failure to recognize the ramifications of this amendment constituted mistake, inadvertance, surprise or excusable neglect within the terms of Rule 60(b)(1) and justifies their initial failure to contest First Security's amendment motion when it was filed. In the alternative, they argue that the lack of a hearing on First Security's motion to alter or amend denied them due process. They contend that such an error falls within "any other reason justifying relief from the operation of the judgment" as provided by I.R.C.P. 60(b)(6).

■ As a preliminary matter, First Security contends the Stauffers' appeal is not timely, asserting that a Rule 60(b) motion may not substitute for a timely appeal. *See Puphal v. Puphal*, 105 Idaho 302, 669 P.2d 191 (1983); *Dustin v. Beckstrand*, 103 Idaho 780, 783, 654 P.2d 368, 371 (1982); 7 MOORE'S FED.PRACTICE ¶ 60.18[8] (2d ed. 1985). First Security argues that the time for appeal from the judgment ran from May 6, 1985, the date of entry of the amended judgment. *First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977). In this case the forty-two day period for appeal from the judgment elapsed before the notice of appeal was filed. *See* I.A.R. 14. However, a postjudgment order is itself appealable, if not also time-barred. I.A.R. 11(a)(7). Here, the notice of appeal was filed and served within forty-two days of the order denying the Stauffers' Rule 60(b) motion. Because this appeal is brought from the denial of Stauffers' Rule 60(b) motion, we have jurisdiction to review that decision. We need examine only the district court's refusal to set aside the amendment of the judgment.

## I

■ We turn first to the question of whether First Security's alleged right to collect any deficiency balance is affected by its failure to redeem following the sale on foreclosure of the Federal Land Bank mortgage. At oral argument in this case, the parties disclosed that neither First Security, as junior mortgagee, nor the Stauffers, as mortgagors, redeemed within the statutory period (I.C. § 11–402), which expired while this appeal was pending. First Security suggests that the case is moot because neither party redeemed. However, relying on *Eastern Idaho Production Credit Assoc. v. Placerton, Inc.*, 100 Idaho 863, 606 P.2d 967 (1980), First Security also contends that it may still seek a deficiency judgment to the extent its remaining debt exceeds the fair market value of the real property on the last possible day of redemption. First Security contends that this value has not been finally determined, but that it is approximately $112,000 rather than $250,000 as earlier adjudged. It is the prospect of liability for a deficiency beyond $112,000, instead of $250,000, that led Stauffers to challenge the amendment of the judgment.

The value of the subject real property clearly is significant only if First Security is permitted to seek a deficiency judgment. Idaho's single-action statute, I.C. § 6–101, provides an exclusive remedy where a debt is secured by real property. The statute requires a real property mortgagee to look first to its security before proceeding on the personal debt. *Clark v. Paddock*, 24 Idaho 142, 132 P. 795 (1913) (construing predecessor statute, R.C. § 4520). Idaho Code § 6–108 limits any subsequent deficiency judgment to

> the difference between the mortgage indebtedness, as determined by the decree, plus costs of foreclosure and sale, and the reasonable value of the mortgaged property, to be *determined by the court in the decree* upon the taking of evidence of such value. [Emphasis added.]

We recently have had occasion to examine the purpose of these statutes.

---

**2.** The record before us contains no evidence to support this finding.

[This] statutory scheme responded to a haunting spectre of mortgage debtors defaulting on loans, losing their property in distress sales and encountering massive deficiencies. These statutes have protected debtors by sheltering unmortgaged property from potential execution until mortgaged property had been sold in a judicially supervised foreclosure. The statutes also have established a right to redeem the property sold and ... they have restricted the amounts of deficiency judgments after foreclosure sales.

*Quintana v. Anthony*, 109 Idaho 977, 980, 712 P.2d 678, 681 (Ct.App.1985).

Here, First Security has proceeded by seeking claim and delivery of its personal property collateral, but has declined to redeem from Federal Land Bank's foreclosure of the real property. I.C. § 28-9-501(4) provides for an action solely upon the personal property security agreement. First Security admits that it must give "credit" for the fair market value of the real property pursuant to I.C. § 6-108 as interpreted in *Eastern Idaho Production Credit, supra. See also Ferry v. Fisk*, 54 Cal.App. 763, 202 P. 964 (1921) (voluntary credit may extinguish debt).[3] However, First Security contends it may still sue upon any remaining deficiency.

In *Eastern Idaho Production Credit* the Idaho Supreme Court held that redemption by a junior mortgagee satisfied the debt up to the fair market value of the property redeemed. Thus the court found I.C. § 6-108 applicable to junior mortgagees as well as to seniors. We are confronted with a similar question. Does our one-action statute, I.C. § 6-101, which bars a deficiency award to a nonforeclosing senior, similarly bar a deficiency to a nonredeeming junior?

Upon foreclosure by the senior, a junior mortgagee obtains a redemption right in place of the lien. I.C. § 11-401. To save the security interest the junior must redeem from the purchaser by paying the foreclosure sale price plus interest and certain costs. I.C. § 11-402. If redeemed, such property would be acquired subject to any other outstanding redemption rights. I.C. § 11-403.[4]

Whether a junior mortgagee must redeem to protect his deficiency rights appears to be an issue of first impression in Idaho. In *McMillan v. United Mortgage Co.*, 84 Nev. 99, 437 P.2d 878 (1968), the Supreme Court of Nevada held that its one-action rule "does not apply to a sold-out junior lienor where his security has been lost by foreclosure of a senior lienor." *Id.* 437 P.2d at 879. The court reasoned:

There is clearly no reason to compel a junior lienor to go through a foreclosure and sale when there is nothing left to sell.

The position of a junior lienor whose security is lost through a senior sale is different from that of a selling senior lienor. A selling senior can make certain that the security brings an amount equal to his claim against the debtor, or the fair market value, whichever is less, simply by bidding in for that amount. He need not invest any additional funds.

The junior lienor, however, is in no better position to protect himself than is the debtor. Either would have to invest additional funds to redeem or buy in at the sale. Equitable consideration favors placing the burden on the debtor, not only because it is his default which provokes the senior sale, but also because he has the benefit of his bargain with the junior lienor, who, unlike the selling senior, might otherwise end up with nothing.

---

**3.** Thus we need not decide whether credit *must* be given when a mixed-property secured creditor proceeds only against the personal property. *See generally* Leipziger, *Deficiency Judgments in California: The Supreme Court Tries Again,* 22 U.C.L.A. L.REV. 753 (1975) (addressing this issue under California law).

**4.** Regarding deeds of trust, Idaho provides a similar statutory redemption right to the junior lienor following recording of a notice of default by the senior. I.C. § 45-1506. Comparable limits are also placed upon deficiency judgments. *See* I.C. § 45-1512, *and, e.g., Alpine Villa Development Co., Inc. v. Young,* 99 Idaho 851, 590 P.2d 578 (1979).

The obvious purpose of the "One-action Rule" is to compel one who has taken a special lien to secure his debt to exhaust the secured property before having recourse to the general assets of the debtor.

Where, however, without his fault, the security has been lost by a foreclosure of the senior lienor, the policy of the law permits a personal action on the promissory note. [Citations omitted.]

*Id.* at 879. *See also Roseleaf Corporation v. Chierighino,* 59 Cal.2d 35, 27 Cal.Rptr. 873, 378 P.2d 97 (1963) (junior lienor not required to foreclose where security rendered valueless by private sale).[5] In each of these cases, the junior lienholder was allowed to seek a deficiency judgment, without first having to exercise its redemption right, because its security interest was rendered valueless as a result of the senior's foreclosure. This approach parallels the long-recognized rule in Idaho relating to security interests in personal property. That rule allows an action on the debt, without foreclosure, where a chattel mortgagee's security in personal property has become valueless. *Gebrueder Heidemann, K.G. v. A.M.R. Corp.,* 107 Idaho 275, 688 P.2d 1180 (1984); *Edminster v. Van Eaton,* 57 Idaho 115, 63 P.2d 154 (1936). *See also* Annotation, *Action on Secured Debt—When Permissible,* 108 A.L.R. 397 (1937).

Against this background, the question now before us is whether the exercise of a redemption right must always precede a deficiency judgment where—as here—the amount of a senior's lien is *less* than the judicially determined fair market value of the property. Obviously, in such a case there is an excess over the amount of the senior's lien to which the junior's lien remains attached. While the fair market value of the property here continues to be in dispute, either at $250,000 as fixed by the court in the initial joint foreclosure decree of April 15, 1985, or at some lesser amount as now contended by First Security ($112,-000), there appears to be no dispute that the latter's security was not rendered "valueless" as a result of Federal Land Bank's foreclosure.

Under these circumstances, it seems reasonable that the junior lienholder should be required either to redeem to protect its security, or—as suggested by First Security at oral argument in this case—to give credit to the debtor for the difference between the amount realized by the senior mortgagee on the foreclosure sale, and the judicially determined fair market value of the property as of the date the junior's redemption right expired. Through such an approach the junior must decide whether it is economically practical to redeem, and if not, to give the debtor credit against any deficiency judgment for the amount the junior would have realized on a subsequent foreclosure sale after exercising its redemption right. This procedure would not prevent the junior mortgagee from pursuing a judgment for the deficiency balance and it would afford the debtor the same protection as if a redemption and subsequent foreclosure by the junior mortgagee had taken place. We believe that approach would be proper in this case.

Having concluded that First Security is not barred by its failure to redeem we turn next to the questions concerning the district court's denial of Stauffers' motion to set aside the amendment of the judgment.

## II

Rule 60(b), I.R.C.P., provides a means for an aggrieved party to obtain relief from "a final judgment, order, or proceeding" directly from the trial court without resorting to an appeal. This rule is essentially the same as the federal rule; differing only regarding time limits. The party moving to have an order or judgment vacated or set aside bears the burden of proof. *Puphal v. Puphal,* 105 Idaho 302, 669 P.2d 191 (1983). The Stauffers allege excusable

---

5. The Nevada court does not apply this exception where the loss of security is due to the junior lienor's own action. *See Keever v. Nich-* *olas Beers Co.,* 96 Nev. 509, 611 P.2d 1079 (1980) (junior lienor released lien in exchange for consideration from senior lienor).

neglect, mistake or inadvertance under Rule 60(b)(1), and due process violations as grounds for setting aside the order amending the judgment. These allegations are supported by an affidavit. Although Stauffers admit they were served with First Security's motion to amend the judgment, they assert they should have been provided an opportunity to be heard on the motion to amend, before it was decided by the court.

First Security contends that the Stauffers waived their opportunity to be heard when, upon receipt of First Security's motion, the Stauffers did not request a hearing. Stauffers' attorney counters that he had become accustomed to motions being regularly placed on the court's hearing calendar and, if such a request were required, that the Stauffers' failure to notice the motion for hearing constitutes excusable neglect. Alternatively, they argue the court abused its discretion in failing to notice the motion for hearing under I.R. C.P. 6(e)(2).

It appears the trial court did not reach the merits of the Stauffers' Rule 60(b) motion. The court denied the motion from the bench, ruling that the decree had been amended upon discovery that a "joint" foreclosure could not be ordered as a matter of law. Therefore, the trial court also found it unnecessary to receive evidence offered by First Security to explain why it initially, and erroneously, believed the $250,000 value was proper. Upon this state of the record we intimate no opinion as to whether First Security should be bound by, or should be freed from, the $250,000 valuation. Our review is limited to (a) whether the expanded remedy sought by First Security was properly granted upon the ground advanced by the district court—that the joint foreclosure was invalid; and (b) whether the relief from this remedy sought by the Stauffers was properly denied.

Where discretionary grounds are invoked for relief from a judgment, we defer to the lower court unless discretion was abused. But where nondiscretionary grounds are asserted the question presented is one of law upon which the appellate court exercises free review. *Knight Insurance, Inc. v. Knight*, 109 Idaho 56, 704 P.2d 960 (Ct. App.1985).

### A

■ We first examine the court's stated grounds for granting First Security its expanded remedy. As noted, it appears the trial court believed a simultaneous foreclosure of real property mortgages by senior and junior mortgagees is contrary to Idaho's foreclosure scheme. Although the senior lienholder, Federal Land Bank, did not object to the order for simultaneous foreclosure, the trial judge reasoned from the bench,

> I have set the value, haven't I? And I have entered an order saying that First Security is not foreclosing. And I think it's an appropriate order because I don't think I can force [a joint foreclosure on] the first mortgagee. I don't know how you would operate under it.

The question of the propriety of a joint foreclosure came to the forefront only at the hearing on Stauffers' motion to set aside the amendment to the judgment. It was not argued extensively in the lower court.

We are unable to determine why the court believed a joint foreclosure was impractical or impossible. Ordinarily, a junior mortgagee may foreclose first, with the purchaser taking subject to the senior's lien; or the junior could await foreclosure by the senior and receive a right of redemption in exchange for his lien. I.C. § 11–401. However, where acceptable to the mortgagees, we perceive no impediment to ordering a simultaneous foreclosure consistent with our statutory provisions. In such a case the foreclosure sale would result in each party being reimbursed by priority to the extent of the proceeds, neither would receive a redemption right, and each would receive a deficiency to the extent his debt was not satisfied, with appropriate credit being given for the reasonable value of the security.

The Stauffers point to cases in other jurisdictions where joint foreclosures have been upheld by the courts. *E.g.,* *Western Land & Cattle Co. v. National Bank of Arizona,* 28 Ariz. 270, 236 P. 725 (1925); *Horn v. Indianapolis Nat. Bank,* 125 Ind. 381, 25 N.E. 558 (1890); *Burwell and Morford v. Seattle Plumbing Supply Co.,* 14 Wash.2d 537, 128 P.2d 859 (1942) (junior cannot redeem following joint foreclosure). Apparently joint foreclosure is not an uncommon practice. In certain cases other states require such a remedy. *See* Hackman, *Statutory Reduction Rights,* 3 WASH.L.REV. 177, 187 (1928).

We believe the joint foreclosure remedy sought by First Security was within the power of the court.

> The policy of the law is to make the property bring its full value, and to discourage persons from bidding less than the fair value of the property. It is also the intention of the law to do justice to interested parties, by securing the fair value of the property at one sale, and thus prevent the annoyance and expense of numerous sales; and numerous sales may follow where there are many successive redemptions....

*Horn v. Indianapolis National Bank,* 125 Ind. 381, 25 N.E. 558, 562 (1890). As did the Indiana court, we believe a joint foreclosure would satisfy these purposes without prejudice to any party. This procedure would be comparable to the result provided by our legislature for security interests in personal property. *See* I.C. § 28-9-504.

Therefore, we hold that the trial court erred in concluding that Stauffers' motion should be denied to avoid reinstating an invalid judgment. A joint foreclosure judgment would not be invalid.

### B

■ We now turn to whether Stauffers' Rule 60(b) motion for relief should have been decided on its own merits. Our examination of the record reveals that the Stauffers were served by mail with First Security's motion to amend the judgment. This motion sought "an order of the court dismissing the Decree of Foreclosure in favor of Plaintiff and against Defendants." Contrary to the requirement of 7(b)(1), I.R.C.P, First Security's motion stated no particular grounds.[6] The motion was granted without hearing. The Stauffers argue that failure to provide such a hearing was ʿa violation of due process, affording a basis for granting relief under Rule 60(b), clause (b).[7] We agree.

■ Notice and a meaningful opportunity to be heard are fundamental to the due process guaranteed by the United States and Idaho constitutions. *Rudd v. Rudd,* 105 Idaho 112, 666 P.2d 639 (1983). A party has a "property interest" in a judgment, of which the owner may not be deprived without due process. *Curtis v. Siebrand Bros. Circus & Carnival Co.,* 68 Idaho 285, 291, 194 P.2d 281, 284 (1948). The doctrine of res judicata provides the losing party, as well as the prevailing par-

---

**6.** Although particular grounds should be stated in support of any written motion, we do not find this flaw fatal since a Rule 59(e) motion may also serve to enable a trial judge to reconsider his judgment and thus avoid an appeal. *Clipper Exxpress v. Rocky Mountain Motor Tariff,* 690 F.2d 1240 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983). The trial court was not restricted to any specific contentions of error raised by First Security and could correct any error which came to its attention because of the motion. *Continental Casualty Co. v. American Fidelity and Cas. Co.,* 186 F.Supp. 173 (S.D.Ill.), *modified* 190 F.Supp. 236 (S.D.Ill.1959), *aff'd,* 275 F.2d 381 (7th Cir.1960).

**7.** Under the prior statute, I.C. § 5-905, the alleged mistake could not be one of law. *Thomas*

*v. Stevens,* 78 Idaho 266, 300 P.2d 811 (1956). Although mistake or inadvertence may now encompass an error of law in the federal courts, *see* 7 MOORE'S FEDERAL PRACTICE ¶ 60.22[3] (2d ed. 1985), we believe such an error is more properly addressed under clause (6) of the Rule instead of clause (1), as the application of the latter to such mistakes is not clear. *Id.,* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2858 (1973). *See also Puphal v. Puphal, supra; Gro-Mor, Inc. v. Butts,* 109 Idaho 1020, 712 P.2d 721 (Ct.App. 1985). Neither is clause (4) applicable. An error of law alone, unless jurisdictional, does not void a judgment. *First Sec. Bank v. Neibaur,* 98 Idaho 598, 605 n. 4, 570 P.2d 276, 283 (1977).

ty, with an interest in the finality of a judgment. These rights adhere to defaulting parties as well as those who have contested an action. *Occidental Life Ins. Co. v. Niendorf,* 55 Idaho 521, 44 P.2d 1099 (1935). Notice to defaulting defendants of a motion to vacate the judgment is required unless the judgment is void on its face. *Id.* at 529, 44 P.2d at 1101. The purpose of notice when a judgment is opened is to provide "that the court can make a full determination of the equities involved." *Keane v. Allen,* 69 Idaho 53, 61, 202 P.2d 411, 415 (1949).

Here, Stauffers were in the throes of insolvency. They saw no reason to contest the result as originally formulated. However, they did have a significant interest in maintaining the protection provided by the $250,000 value assigned to this property in the original judgment.

■ With respect to Richard and Colleen Stauffer, who defaulted, First Security cites I.R.C.P. 41(a)(1) for the proposition that a plaintiff has the right to dismiss an action or count at will at any time before an answer is filed. First Security contends that its motion to amend the judgment was comparable to a motion to dismiss. We disagree.

Once a judgment has been entered and notice provided to the parties, all parties have an interest in maintaining it. A party in default does not waive this interest. To obtain amendment of the judgment, as First Security was aware and intended, is one means of avoiding the binding effects of that judgment. Judgment had been entered and a decree issued. The Stauffers were entitled to rely upon that judgment.

Rule 7(b)(3) of the Idaho Rules of Civil Procedure provides that a motion may be *denied* without hearing. We hold that under I.R.C.P. 59(e) the complementary proposition is also true. A motion to amend a judgment in a manner which would be prejudicial to another party, may not be granted without notice and an opportunity for hearing. To do so contravenes the very basis of due process and finality of judgments.

■ First Security contends that a hearing was in fact provided following the Stauffers' motion to set aside the amendment. At that hearing counsel for the Stauffers came prepared to argue that his clients were entitled to a hearing on First Security's Rule 59(e) motion and possibly to contest First Security's unknown grounds for that motion. Instead Stauffers' counsel found himself faced with a new theory for amendment raised *sua sponte* by the court, that of a void or invalid judgment. Counsel was unprepared to argue this new point of law. The motion to set aside the amendment was denied from the bench on the basis of an erroneous theory of law. Such a proceeding did not constitute the hearing on the merits of First Security's motion sought by the Stauffers. The Stauffers have not yet had a meaningful opportunity to resist this motion on the grounds urged by the bank.

Of course, because the appeal from denial of a Rule 60(b) motion may not substitute for a direct appeal, an error of law alone ordinarily is not sufficient to justify setting aside an order or judgment. *Wagner v. United States,* 316 F.2d 871 (2d Cir.1963). Where an appeal from the judgment is the proper remedy, Rule 60(b)(6) may not be used as an end-run around the time limits of I.A.R. 14. However, clause 6 of the rule is applicable whenever "such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266, *modified,* 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949). *But see Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (circumstances found not "extraordinary"). *See generally* 7 MOORE'S FED.PRACTICE ¶ 60.27[2] (2d ed. 1985); 11 WRIGHT & MILLER, FED. PRACTICE AND PROCEDURE: Civil § 2864 (1973). In *Fleming v. Gulf Oil Corporation,* 547 F.2d 908 (1977), the Tenth Circuit held an *ex parte* dismissal at the behest of the defendant to constitute grounds for Rule 60(b)(6) relief. The court found the lack of a fair opportunity to be heard particularly unjust.

We find the unique circumstances in this case equally compelling. The Stauffers were deprived—without a hearing—of the protection afforded by a final decree when First Security's motion to amend the judgment was granted. Upon seeking relief directly from the district court, the Stauffers' counsel was confronted by an unexpected, novel and erroneous justification for the judgment amendment. The Stauffers have alleged facts appropriate and sufficient for obtaining the relief requested. Justice will best be served by granting their request for a hearing concerning First Security's motion.

Having found for the Stauffers under I.R.C.P. 60(b)(6), we need not reach the merits of their theory of inadvertence and excusable negligence. First Security's Rule 59(e) motion was addressed to the discretion of the court. *See Lowe v. Lym*, 103 Idaho 259, 646 P.2d 1030 (Ct.App.1982). The trial court has not ruled on the merits of this motion after hearing the position of both parties. Therefore, we vacate the order allowing amendment of the judgment and the order denying the Stauffers' motion to vacate the order amending the judgment. We remand to the district court for a hearing on First Security's motion to amend the judgment. In the meantime, the judgment prior to amendment is hereby reinstated.

Costs to appellants. No fees awarded.

BURNETT and SWANSTROM, JJ., concur.