735 P.2d 1098

**Virgil H. McCRAY and Esther C. McCray, husband and wife, Plaintiffs-Appellants,**

v.

**Angus D. TWITCHELL and Leona Twitchell, husband and wife, Defendants-Respondents.**

No. 16532.

Court of Appeals of Idaho.

April 10, 1987.

Jay D. Sudweeks and Thomas Kershaw (argued) (May, May, Sudweeks, Shindurling, Stubbs & Mitchell), Twin Falls, for plaintiffs-appellants.

Robert C. Weaver (Weaver & Melanson), Buhl, for defendants-respondents.

WALTERS, Chief Judge.

Virgil and Esther McCray, sellers of a small parcel of land in Gooding County, brought this action to collect the balance due on a promissory note executed by Angus and Leona Twitchell, the buyers. Although the debt was secured by a deed of trust, the sellers did not attempt to foreclose it. They alleged that, because the deed of trust lacked an explicit maturity date, a foreclosure action would have been time-barred under I.C. § 5–214A(1). The trial court disagreed, requiring the sellers to proceed first against the security before a personal judgment on the debt could be obtained. Accordingly, the trial court denied relief to the sellers and awarded attorney fees to the buyers for defending the action. For reasons explained below, we affirm the judgment of the trial court, including the fee award.

The facts of this case are provided by stipulation of the parties. In 1978, the sellers transferred a parcel of less than twenty acres by warranty deed to the buyers. Simultaneously, the buyers gave the sellers a deed of trust for the property to secure a promissory note for $14,500. By an oversight, the parties did not fill in the blank space provided for the maturity date in the deed of trust form. The deed of trust was duly recorded. The note was not recorded. The note was dated September 1, 1978, provided for interest at the rate of 8½% from that date, required a payment of $2000 on May 1, 1979, and provided for monthly payments of $100 commencing on October 1, 1978. The buyers failed to pay the installments due in January and February of 1985. The sellers instructed the escrow agent who was holding the note not to accept late payments and brought this action to collect the balance outstanding on the note. The sellers did not seek recourse against the property pledged as security by the deed of trust.

Idaho's one-action rule requires that a mortgagee must fully exhaust the security before proceeding against the debtor on the underlying debt. See I.c. § 6–101. "To allow the creditor to retain the security without ascertaining its value, and then to give him a judgment for the full amount of the debt, is contrary to the policy of Idaho law requiring foreclosure prior to recovery on the debt." *Eastern Idaho Production Credit Assoc. v. Placerton, Inc.,* 100 Idaho 863, 868, 606 P.2d 967, 972 (1980). "The creditor may not simply sue on the debt and collect by execution on the judgment." *Quintana v. Anthony,* 109 Idaho 977, 979–80, 712 P.2d 678, 680–81 (Ct.App.1985). The parties are in agreement that this rule is also applicable to an action to collect on a promissory note secured by a deed of trust.[1]

Here, the sellers sued directly on the debt evidenced by the note. They contend that an action on the deed of trust was presumptively barred by the statute of limitation set forth in I.C. § 5–214A(1). That statute provides:

An action for the foreclosure of a mortgage on real property must be commenced within five (5) years *from the date of maturity, as disclosed by the public record,* of the obligation or indebtedness secured by such mortgage or by any indenture or other instrument supplemental thereto, as changed by extension, if any, of the time of maturity, filed for record before the expiration of said period of five (5) years. *If the public record does not disclose the date of maturity, then the date of the execution of such mortgage or lien shall be deemed the date of maturity* of such obligation or indebtedness. (Emphasis added.)

Idaho Code § 45–1515 applies this time limit to deeds of trust.

---

1. *See* I.C. § 45–1512 (authorizing action for the balance due upon an obligation for which a deed of trust was given as security, "[a]t any time within 3 months *after* any sale under a deed of trust...." (Emphasis added.) *Cf. Long*

*v. Williams,* 105 Idaho 585, 587–88, 671 P.2d 1048, 1050–51 (1983) ("[D]eed of trust is for practical purposes only a mortgage with power of sale.").

The sellers argue that because the face of the deed of trust included no date of maturity, the date of execution is deemed the date of maturity for purposes of the period of limitation. More than five years elapsed between execution of the deed of trust and filing of the sellers' complaint. The sellers urge that, because any relief on the deed of trust would be time-barred, they fall within the rule allowing judgment to the promisee on a note where the security is defective or has become valueless. *See Edminster v. Van Eaton*, 57 Idaho 115, 63 P.2d 154 (1936); *First Security Bank of Idaho v. Stauffer*, 112 Idaho 133, 730 P.2d 1053 (Ct.App.1986).

The buyers assert that the date of maturity of the deed of trust can be calculated by reference to the underlying, but unrecorded, promissory note. The trial court indicated it was sympathetic to the sellers' interpretation of I.C. § 5–214A, but concluded that our Supreme Court's decision in *Gebrueder Heideman, K.G. v. A.M.R. Corp.*, 107 Idaho 275, 688 P.2d 1180 (1984), permitted recourse to documents outside the public record to determine the applicable maturity date. Therefore, the court granted judgment in favor of the buyers.[2]

■ In *Gebrueder* our Supreme Court was confronted with the following set of facts. An Idaho corporation, A.M.R., had guaranteed the payment of a debt by a Utah corporation to a German bicycle manufacturer, Gebrueder Heideman. A.M.R. guaranteed payment by means of a promissory note secured by a mortgage on real property located in Idaho. Upon default by the Utah corporation, the mortgage was recorded and Gebrueder's assignee sought to foreclose. A.M.R. resisted the foreclosure, asserting the statute of limitation defense provided by I.C. § 5–214A. A.M.R. contended that the mortgage bore no maturity date, and therefore, the applicable date was the date of execution. On appeal, the Supreme Court disagreed with A.M.R.'s position. The Court said:

> The mortgage as recorded in the public record is not silent on the subject of maturity. It recites, "This mortgage is intended to secure payment of a certain promissory note ... to wit: ... to fall due and payable in the event of default ... under the terms of that certain Agreement to Guaranty Payment of Trade Acceptances and Instructions to Escrow Agent of even date." This statement, along with the name and address of the mortgagee seems to be *substantial compliance* of notice to the public of the maturity date, since the means exist to ascertain the date of maturity or whether the obligation is not mature.

107 Idaho at 281, 688 P.2d at 1186 (emphasis added).

The sellers attempt to distinguish *Gebrueder* from the case at bar. They contend a broad application of *Gebrueder* would nullify the "public record" provision of the statute. They argue that the holding in *Gebrueder* should be limited to cases where the mortgage secures only a conditional debt, such as a guaranty, and so cannot include a maturity date on its face. The sellers also note that, unlike A.M.R., they are not attempting to avoid an obligation. We are not persuaded. Nothing in the Supreme Court's analysis of "substantial compliance" suggests that its holding was limited to a unique fact pattern.

Our neighboring state of Oregon, although apparently not having had occasion to construe the "disclosed by the mortgage itself" language of its comparable statute,[3] has stated, "[These] statutes ... were designed to protect innocent purchasers and

---

**2.** The buyers pose a secondary argument on appeal in support of the result declared by the trial court. They assert that the sellers could not presume the deed of trust was invalid or unenforceable since the statute of limitation is an affirmative defense which the buyers could have waived. They contend the sellers should have tested the trust deed's enforceability by means of alternative pleading, under I.R.C.P. 8(e)(2). Because we concur with the trial court's application of *Gebrueder,* we do not reach the buyers' secondary argument.

**3.** At present, Or.Rev.Stat. § 88.110 (1985) reads, in part:

> If the date of maturity of the debt is not disclosed by the mortgage itself, then the date of the execution of the mortgage shall be deemed the date of maturity of such debt.

lien claimants and should be reasonably construed and given full effect." *Title & Trust Co. v. Nelson,* 157 Or. 585, 71 P.2d 1081, 1085 (1937). We believe our Supreme Court in *Gebrueder* applied a reasonable gloss to the statute in permitting disclosure of a maturity date by reference to documents outside the public record.

Here, the recorded deed of trust stated that it was granted "for the purpose of securing payment of the indebtedness evidenced by a promissory note, of even date herewith, executed by Grantor in the sum of FOURTEEN THOUSAND FIVE HUNDRED AND NO/100 DOLLARS...." The names and addresses of the grantors (buyers) and trustee, Security Title Co., were set forth in the deed of trust, as well as the names of the grantees (sellers), the McCrays. Although the deed of trust did not state that the promissory note was placed in escrow at Idaho First National Bank—where the buyers' payments were to be received—we believe sufficient information was disclosed by the deed of trust to enable an inquiring party to locate the note and, from the note, to calculate the maturity date.

As in *Gebrueder,* we conclude the content of the recorded document provided notice to the public through which the maturity date of the debt, and thus the deed of trust, could be ascertained. Despite the omission of that date on the deed of trust, it readily could be calculated from the terms of the referenced promissory note. There was "substantial compliance" with the notice requirements of the statute. The sellers assert that this result contorts justice and equity by permitting debt avoidance. To the contrary, we think this result comports with the policy of our one-action cases, requiring recourse first to the property pledged to secure the debt.

Our holding does not create a duty to look beyond the public record absent a direct reference on the face of the recorded documents to another source. Nor may a party seeking to avoid the statutory bar simply resort to unreferenced sources to prove an unstated maturity date. However, where the public record makes a clear reference to an available and reliable source of the missing maturity date, we hold that there is substantial compliance with the statutory requirement that the maturity date be disclosed by the public record.[4]

■ Both parties seek attorney fees on appeal. The respondents have prevailed in the lower court and on appeal. Idaho Code § 12–120(2) provides that in an action to recover on a note the prevailing party shall be allowed a reasonable attorney fee. *See Camp v. Jiminez,* 107 Idaho 878, 693 P.2d 1080 (Ct.App.1984). Accordingly, we affirm the award of fees below and award fees to the respondents on appeal, to be determined under I.A.R. 41.

The judgment of the trial court is affirmed. Costs and attorney fees to respondents, Twitchell.

BURNETT and SWANSTROM, JJ., concur.

---

4. Even absent this holding, a third party would be well advised to investigate outside the public record to determine whether the statutory period has been tolled by unrecorded events or whether the debt has been prematurely discharged or satisfied.