955 P.2d 1117

**Michael and Emma KEYSER, husband and wife, individually and as parents and guardians of Matthew Keyser, a minor, Plaintiffs–Respondents,**

v.

**Eric T. GARNER, M.D., Defendant–Appellant.**

No. 23334.

Court of Appeals of Idaho.

March 24, 1998.

Review Denied May 18, 1998.

LANSING, Chief Judge.

This is the second appeal in a medical malpractice action in which the plaintiffs allege negligence in the post-surgical care of their eighteen-month-old son. On the first appeal, we vacated an order for a new trial and remanded the case for the district court's reconsideration of that order. In this second appeal, the defendant challenges orders relating to the transfer of the case back to the judge who presided at trial and who had been disqualified without cause before the first appeal. The defendant also asserts error in the district court's order renewing its decision to grant the plaintiffs' motion for a new trial.

## I. BACKGROUND AND PROCEDURAL HISTORY

In 1994, Michael and Emma Keyser, the respondents, brought a medical malpractice action against Dr. Eric T. Garner, an ear, nose and throat specialist, practicing in Boise. The Keysers sought compensation for the injuries sustained by their son, Matthew, while he was under Dr. Garner's care. The Keysers alleged that Dr. Garner did not comply with the local standard of medical care when he made arrangements for Matthew's supervision following an operation to repair his cleft palate. They asserted that the doctor's failure to order adequate postoperative care resulted in Matthew suffering irreversible brain damage with spastic quadriplegia.

Following a thirteen-day trial, the jury returned a verdict finding that Dr. Garner had not acted negligently in providing care for Matthew. Frustrated with the jury's verdict, the Keysers moved for a judgment notwithstanding the verdict pursuant to Idaho Rule of Civil Procedure 50(b) or, in the alternative, for a new trial, pursuant to I.R.C.P. 59(a). District Judge D. Duff McKee, who had presided at the trial, denied the motion for a judgment notwithstanding the verdict, but granted the motion for a new trial on two grounds: 1) that the court had committed error by admitting the testimony of a defense expert, Dr. Muntz; and 2) that the clear weight of the evidence supported a

Hall, Farley, Oberrecht & Blanton, Boise, for defendant-appellant. Raymond D. Powers argued.

Comstock & Bush and Byron V. Foster, Boise, for plaintiffs-respondents. Byron V. Foster argued.

finding that Dr. Garner negligently breached the local standard of care.

Dr. Garner appealed Judge McKee's order granting a new trial. We rendered our decision in that appeal in *Keyser v. Garner,* 129 Idaho 112, 922 P.2d 409 (Ct.App.1996) (*Keyser I*). We there held that Judge McKee erred in holding that Dr. Muntz's testimony had been improperly admitted. *Id.* at 119, 922 P.2d at 416. Consequently, we determined that the portion of Judge McKee's order granting the motion for new trial which was based on the purportedly erroneous admission of expert testimony could not be sustained. Nevertheless, we concluded that Judge McKee did not abuse his discretion in granting a new trial under I.R.C.P. 59(a)(6) based on the alternative ground that the jury's verdict was against the clear weight of the evidence. *Id.* at 121, 922 P.2d at 418. We determined, however, that it would not be appropriate to affirm the order granting a new trial outright because it was unclear whether, in assessing the weight of the evidence of negligence, Judge McKee had considered Dr. Muntz's testimony or disregarded that testimony due to his erroneous conclusion that it was inadmissible. *Id.* Therefore, we vacated the order granting a new trial and remanded the matter so the district court could again consider the Keysers' motion for a new trial in light of our determination that Dr. Muntz's testimony was properly admitted. *Id.* Our remittitur was issued on August 26, 1996.

Before filing his notice of appeal in *Keyser I,* Dr. Garner filed a motion to disqualify Judge McKee without cause pursuant to I.R.C.P. 40(d)(1)(F). That rule provides that if a new trial has been ordered in a civil case, either party may obtain an order disqualifying, without cause, the judge who presided at the initial trial.[1] Judge McKee issued an order of disqualification pursuant to Dr. Garner's motion, and the case was then assigned to another district judge, Deborah Bail. Nei-

ther the motion and ensuing order to disqualify Judge McKee nor the order of reassignment to Judge Bail was made part of the appellate record in *Keyser I,* and they did not, therefore, come to the attention of this Court during the course of that appeal.

As a result of the reassignment, on remand from our decision in *Keyser I* the case came before Judge Bail. Judge Bail refused, however, to retain the case. Acting *sua sponte* and without notice to the parties, she set aside the order disqualifying Judge McKee and transferred the case back to him. In her order issued on September 4, 1996, Judge Bail reasoned that:

> A motion for a disqualification under I.R.C.P. 40(d)(1)(F) is only proper where there has been a new trial ordered by the trial court or an appellate court. At this point there has been no valid grant of a motion for new trial.... There being no valid motion, the order of the disqualification is set aside and the case is returned to Judge McKee.

Two days later, Dr. Garner filed a motion for reconsideration of Judge Bail's order of reassignment as well as a motion to again disqualify Judge McKee, this time relying upon I.R.C.P. 40(d)(1)(B). In a written order issued on September 10, 1996, Judge McKee denied Dr. Garner's motions for reconsideration and disqualification.

Judge McKee then followed this Court's directive in *Keyser I* to reconsider the order for a new trial in light of the appellate decision. In doing so, Judge McKee adhered to his prior decision to grant a new trial. In this order, entered on Sept. 10, 1996, Judge McKee expressly incorporated the analysis in his prior determination that a new trial should be allowed because the jury's verdict was against the great weight of the evidence. He also directly responded to the query posed by this Court in *Keyser I* by stating that he had fully considered the testimony of

---

1. Idaho Rule of Civil Procedure 40(d)(1) states, in part:

> In all civil actions, the parties shall each have the right to one (1) disqualification of the judge ... without cause, except as herein provided, under the following conditions and procedures:

> (F) Disqualification on New Trial. After a trial has been held, if a new trial has been ordered by the trial court or by an appellate court, each party may file a motion for disqualification without cause of the presiding judge....

Dr. Muntz in evaluating the weight of the evidence. Then, in a separate order, Judge McKee recused himself from the case pursuant to I.R.C.P. 40(d)(1)(F), and returned the case to Judge Bail for further proceedings.[2]

Dr. Garner now appeals from the renewed order for a new trial. He argues that Judge McKee did not have authority to preside over the case on remand from our decision in *Keyser I* because he had already been properly disqualified pursuant to I.R.C.P. 40(d)(1)(F). Further, he maintains that even if Judge McKee had authority to act in the case on remand, his decision to grant a new trial must be vacated because: (1) Judge McKee improperly denied Dr. Garner's second motion to disqualify him; (2) he did not conduct the required analysis under I.R.C.P. 59(a)(6) before renewing his decision to grant a new trial; and (3) he denied Dr. Garner his right to procedural due process by not providing notice and the opportunity to be heard before issuing his new order on the motion for a new trial.

## II. ANALYSIS

### A. Judge Bail Properly Reassigned the Case to Judge McKee on Remand from *Keyser I*.

■ Dr. Garner presents multiple challenges to Judge McKee's authority to preside over the case on remand from *Keyser I*. These arguments regarding Judge McKee's alleged lack of authority can be placed into three categories: (1) assertions that Judge Bail's order returning the case to Judge McKee violated the express dictates of this Court's decision in *Keyser I*, (2) assertions that Judge McKee could not properly be reassigned to the case after having been previously disqualified, and (3) an assertion that Judge Bail violated Dr. Garner's right to procedural due process when she reassigned Judge McKee to preside over the case on remand without first conducting a hearing. We conclude that each of these contentions must be rejected because they are all premised upon the same erroneous assumption: that Judge McKee's order of disqualification

survived this Court's decision to vacate the initial order for a new trial.

■ The disqualification of a judge without cause pursuant to I.R.C.P. 40(d)(1)(F) is predicated upon the judge having granted a motion for a new trial. Consequently, in a case such as this, where an appellate court has vacated the order for a new trial, a disqualification based on that order is necessarily nullified, and the original trial judge retains authority over the case. A contrary rule would allow a disqualification without cause to stand after the procedural basis for it had been extinguished. It would also lead to an impracticable result in cases like this where the appellate decision directs *reconsideration* of a new trial order that was based upon insufficiency of the evidence. As we explained in *Keyser I*, Rule 59(a)(6) "permits the trial court to weigh all the evidence and make its own determination of the credibility of the witnesses, and to grant a new trial if the court concludes that the verdict is not in accord with the weight of the evidence." *Keyser I*, 129 Idaho at 119, 922 P.2d at 416. In doing so, the court is permitted to evaluate the demeanor and possible biases of witnesses and the credibility and persuasiveness of all the evidence. *Quick v. Crane*, 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986). Obviously Judge McKee, who presided at the trial, was the only judge who viewed the witnesses and could make these credibility and weight determinations based upon anything other than the cold record. Here, both Judge Bail and Judge McKee recognized the inherent relationship between the vacated new trial order and the Rule 40(d)(1)(F) disqualification of Judge McKee. They acted appropriately when Judge Bail relinquished control over the case to Judge McKee for further proceedings consistent with our decision in *Keyser I* and when Judge McKee assumed that responsibility.

In summary, Judge McKee possessed continuing authority over this case on remand as a consequence of our decision to vacate the order granting a new trial. We therefore

---

2. Judge McKee treated Dr. Garner's September 6,1996 motion for disqualification under Rule 40(d)(1)(B) as a renewed motion under Rule 40(d)(1)(F) following reinstatement of the order for a new trial, and granted the motion.

reject Dr. Garner's arguments, which are based on the premise that this was an optional *reassignment* of the case rather than a necessary resumption of authority on remand.

## B. Judge McKee Correctly Denied Dr. Garner's Motion For Disqualification

Next, Dr. Garner argues that even if Judge McKee had the authority to preside over the case on remand from *Keyser I*, he erred when he denied Dr. Garner's motion to disqualify him without cause pursuant to I.R.C.P. 40(d)(1)(B). That subsection of Rule 40 provides that a civil litigant may disqualify a judge without cause under the following conditions:

A motion for disqualification without cause must be filed not later that seven (7) days after service of a written notice or order setting the action for status conference, pretrial conference, trial or for hearing on the first contested motion, or not later than twenty-one (21) days after service or receipt of a complaint, summons, order or other pleading indicating or specifying who the presiding judge or magistrate to the action will be, whichever occurs first....

Dr. Garner contends that Judge Bail's transfer of the case back to Judge McKee was, in effect, an "order specifying who the presiding judge [would] be" and that Dr. Garner consequently had twenty-one days from receipt of that order to move for Judge McKee's disqualification. This argument, like those addressed in Section II(A) above, is predicated on a belief that Judge McKee had been disqualified from the case entirely and then was reassigned to it. We have rejected that characterization of the events in this case. Our decision in *Keyser I* vacating the order granting a motion for new trial under I.R.C.P. 59(a)(6) nullified Judge McKee's disqualification order, leaving him with continued authority over the case. Therefore, Judge McKee was not acting as a newly assigned district judge who could be disqualified without cause, under I.R.C.P. 40(d)(1)(B). Rather, he was continuing his role as the trial judge to whom the case had been assigned for nearly four years. Accordingly, we find no error in Judge McKee's order denying Dr. Garner's motion for disqualification.

## C. Judge McKee Sufficiently Stated His Reasons for Granting a New Trial.

Dr. Garner also challenges the sufficiency of the analysis provided by Judge McKee in his order, issued on remand, reiterating his prior decision to grant a new trial. Dr. Garner maintains that Judge McKee did not provide a complete analysis supporting his order and that the order should, therefore, be vacated.

■ The Idaho Supreme Court has held that a trial judge "must disclose his reasoning for granting or denying motions for a new trial ... unless those reasons are obvious from the record itself." *Quick*, 111 Idaho at 772, 727 P.2d at 1200. *See also Hughes v. Idaho Dep't of Law Enforcement*, 129 Idaho 558, 561, 929 P.2d 120, 123 (1996). Such an articulation of the reasons for the trial court's decision is essential to allow meaningful appellate review. *Quick, supra. See also Litchfield v. Nelson*, 122 Idaho 416, 422, 835 P.2d 651, 657 (Ct.App.1992); *Sheets v. Agro-West, Inc.*, 104 Idaho 880, 888–90, 664 P.2d 787, 795–97 (Ct.App.1983) (Burnett, J. concurring).

■ In his original memorandum decision and order granting the Keysers' motion for a new trial under I.R.C.P. 59(a)(6), Judge McKee explained the reasons for his decision in detail. Nevertheless, on our review in *Keyser I*, we could not determine whether Judge McKee had considered the testimony of the defense expert, Dr. Muntz, in reaching his decision. Accordingly, we vacated the order and remanded the case for his reconsideration in light of our determination that this testimony was admissible. Our action did not, however, require that Judge McKee completely reiterate his analysis on remand. We merely sought reconsideration of the motion for a new trial taking into account the impact of the expert's testimony if Judge McKee had not already considered that testimony in his first analysis. In his order following remand, Judge McKee indicated that he *had* considered the impact of Dr. Muntz's testimony in his first consideration of the motion, and that his decision remained

the same upon reconsideration. Judge McKee also expressly incorporated his previous thorough analysis into the second order granting the motion for new trial. Thus, Judge McKee fully complied with the requirement that the reasons for a new trial order be stated with particularity, and Dr. Garner's argument to the contrary is without merit.

### D. The District Court Was Not Required to Conduct A New Hearing on Remand.

■ Dr. Garner also asserts that his constitutional right to due process of law was violated when, on remand, Judge McKee issued his decision on reconsideration of the Keysers' motion for a new trial without first giving Dr. Garner notice and an opportunity to be heard on the matter. We reject this argument because the record demonstrates that Dr. Garner was given a meaningful opportunity to oppose the Keysers' motion for new trial prior to the first appeal.

Both the United States Constitution and the Idaho Constitution provide that no one may be deprived of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1; Idaho Const. art. I, § 13. This right to procedural due process guaranteed under both the state and federal constitutions "requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard." *Rudd v. Rudd,* 105 Idaho 112, 115, 666 P.2d 639, 642 (1983).

The record in this case shows that Dr. Garner was not denied a meaningful opportunity to be heard or to defend against the Keysers' motion for new trial. The original motion for new trial was exhaustively briefed and argued by both parties at a hearing prior to Judge McKee's initial decision to grant it. The issue presented for Judge McKee's decision on remand was not new or different from that initially presented by the motion for a new trial under I.R.C.P. 59(a)(6). Dr. Garner had the opportunity, in responding to that motion, to address the significance of all the evidence presented at trial, including the testimony of Dr. Muntz. Due process did not require that he be given a second opportunity to be heard on the same issue.

In support of his argument, Dr. Garner relies on our holding in *First Sec. Bank of Idaho, N.A. v. Stauffer,* 112 Idaho 133, 730 P.2d 1053 (Ct.App.1986). In that case, a judgment was entered in favor of the plaintiff, and the plaintiff thereafter moved to have the judgment amended pursuant to I.R.C.P. 59(e). The district court granted the plaintiff's motion to amend without first conducting a hearing on the matter. On appeal, we held that the district court's failure to conduct a hearing was a violation of due process. *Id.* at 141–42, 730 P.2d at 1061–62. Although Dr. Garner claims that the present case is "directly analogous" to *Stauffer,* we find *Stauffer* readily distinguishable. In *Stauffer,* the district court issued its ruling without having ever conducted a hearing, thus depriving the defendants of any meaningful opportunity to address the grounds for the motion. In contrast, the district court here had already received briefing by both parties and had conducted a full hearing on Keysers' motion for a new trial. Dr. Garner's right to procedural due process was thereby satisfied.

### E. Attorney Fees.

■ Finally, we address the Keysers' request, pursuant to I.C. § 12–121, for an award of attorney fees incurred in this appeal. Attorney fees may be awarded under that statute in a civil action when the appeal has been "brought, pursued or defended frivolously, unreasonably or without foundation." I.R.C.P. 54(d)(1). However, such an award is not appropriate where an appeal presents a genuine issue of law for review. *Gillingham v. Swan Falls Land & Cattle Co.,* 106 Idaho 859, 863, 683 P.2d 895, 899 (Ct.App.1984). The procedural stance of this case is somewhat unique and the appeal has presented several legal questions that had not been previously addressed by the Idaho appellate courts. We therefore will not award attorneys fees under I.C. § 12–121.

### III   CONCLUSION

For the reasons set forth above, we conclude that Judge McKee correctly retained

authority over this case on remand from *Keyser I*, and that his order granting a new trial was without error. We affirm Judge Bail's order transferring the case back to Judge McKee and Judge McKee's order denying Dr. Garner's motion for disqualification without cause pursuant to I.R.C.P. 40(d)(1)(B). We also affirm Judge McKee's September 10, 1996 order reinstating his decision to grant a new trial. Costs on appeal to respondents.

WALTERS, Acting J., and SWANSTROM, J. Pro Tem, concur.